UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

    Plaintiff,

v.                                CASE NO.  8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, etc.,
et al.,

    Defendants.

_____/


ORDER

This cause is before the Court on:

    Dkt. 177   Motion to Strike Jury Demand
    Dkt. 184   Notice - Redacted Exhibit
    Dkt. 192   Response
    Dkt. 197   Clarified Amended Response
    Dkt. 247   Order Granting Leave for Reply
    Dkt. 251   Reply
    Dkt. 252   Notice of Filing Declaration
    Dkt. 261   Motion for Leave to Reply

    Plaintiff/Counter-Defendant Regions Bank and Cross-Defendant Shaw move to strike the jury demand of Counter-Plaintiff/Cross-Plaintiff Kaplan Parties (Kaplan, R1A, TNE, MKI, BNK).

    The Kaplan Parties oppose the Motion.

    The Court denied the Motion to Dismiss Count XXIII of the Amended Counterclaim/Crossclaim (Dkt. 93).   The Court granted the Motion to Dismiss as to Count XXI, Defamation, as to Regions Bank and Shaw, and Count XXII, Invasion of

Case No. 8:12-CV-1837-T-17MAP

Privacy, as to Regions Bank and Shaw. See Order, pp. 33- 34 (Dkt. 244). Regions Bank has filed a Second Amended Complaint (Dkt. 190). A copy of the Deposit Agreement (Dkt. 190-1) is attached to the Second Amended Complaint. The signatures of Marvin I. Kaplan and Kathryn A. Kaplan appear on a signature card for MKI dated September 12, 2011 (Dkt. 2-1). The signature card states:

> **By signing, I acknowledge receiving and agree to each and every term, condition and provision of the Deposit Agreement (including, without limitation, the ARBITRATION AND WAIVER OF JURY TRIAL provisions thereof...**

Counter-Plaintiff/Cross-Plaintiff Kaplan opened four corporate deposit accounts with Regions. The TNE Account and MKI Account were opened in September, 2011; the BNK Account was opened in October, 2011 and the R1A Account was opened in December, 2011. (Dkt. 190, pars. 17-20). The same Deposit Agreement applies to those accounts. (Dkt. 190, par. 22).

Regions has not produced a signature card for the BNK account, but has produced a ratification. Regions has not produced a signature card for the TNE account, but states it was opened the same day as the MKI account, September 12, 2011 (Dkt. 252).

Defendants/Counter-Plaintiffs/Cross-Plaintiffs have sought leave to reply to the Reply and Declaration of Regions Bank; at this stage, the Court will rely of the allegations of the Second Amended Complaint and the attached Deposit Agreement. The Court therefore will deny the Motion for Leave to File Reply as moot.

I. Controlling Law

Plaintiff/Counter-Defendant Regions and Cross-Defendant Shaw argue that

Case No. 8:12-CV-1837-T-17MAP

federal law controls the right to a jury trial in federal courts, and the enforcement of contractual waivers, even if state substantive law applies to the dispute.   Ford v. Citizens & Southern National Bank Cartersville, 928 F.2d 1118, 1121 (11th Cir. 1991); Allyn v. Western United Life Assurance Co., 3476 F.Supp.2d 1246, 1251 (M.D. Fla. 2004).

The Kaplan Parties respond that state law governs whether Counter-Plaintiffs/Cross-Plaintiffs Kaplan Parties waived their right to a jury trial.

The Court will rely on federal law; however, the Court notes that under Florida law, contractual waiver of the right to a jury trial is enforceable and will be upheld. Credit Alliance Corp. v. Westland Mach. Corp., 439 So.2d 332, 333 (Fla. 3d DCA 1983); Gelco Corp. v. Campanile Motor Svc., Inc., 677 So.2d 952 (Fla. 3d DCA 1996); Fotomat Corp. of Fla. v. Chanda, 464 So.2d 626, 631 (Fla. 5th DCA 1985).

II.   Corporate Defendants

Plaintiff/Counter-Defendant Regions Bank argues that the provisions of the Deposit Agreement are enforceable even where the customer does not sign the Deposit Agreement; the use of a deposit account, among other acts, constitutes the customer's assent to the Deposit Agreement.   (Dkt. 190-1, p. 8, "Acceptance of This Agreement").

Counter-Plaintiffs/Cross-Plaintiffs Kaplan Parties argue that there is no evidence that each party agreed to the jury trial waiver.  The Kaplan Parties dispute that they received the Deposit Agreement.

The Deposit Agreement broadly defines "you" and "customer" as any person operating the particular deposit account, and extends the waiver of jury trial in favor of Regions' employees.  It is undisputed that Defendant/Counter-Plaintiff/Cross-Plaintiff

3

Case No. 8:12-CV-1837-T-17MAP

Kaplan was an owner and managing member of R1A, TNE, MKI and BNK, and each corporate Defendant/Counter-Plaintiff/Cross-Plaintiff used an account at Regions Bank.

III. Waiver of Jury Trial

A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing, intelligent and voluntary. Bakrac, Inc. v. Villager Franchise Systems, Inc., 1654 Fed. Appx. 820, 823-824 (11th Cir. 2006)(citing Brookhart v. Janis, 384 U.S.1, 4-5 (1966); Leasing Service Corp. v. Crane, 804 F.2d 828, 833 (4th Cir. 1986)). See also Gulati v. Countrywide Home Loans, Inc., 2006 WL 6300891 (M.D. Fla. 2006). In making the assessment, courts consider the conspicuousness of the waiver provision; the parties' relative bargaining power, the sophistication of the party challenging the waiver, whether the terms of the contract were negotiable, and whether the waiving party was represented by counsel or had the opportunity to obtain counsel. The Court reviews all factors to determine whether the waiver is unconscionable, contrary to public policy, or unfair.

The Deposit Account contains multiple conspicuous statements as to waiver of jury trial. The Court finds the statements to be conspicuous where the statements are in bold-faced type; some statements are in bold-faced capital letters in a separate box. The Deposit Agreement includes detailed terms as to arbitration, but also states in clear and unambiguous language that the waiver of jury trial applies even if the dispute is not determined at arbitration:

> **Whether any controversy is arbitrated or settled by a court, you and we voluntarily and knowingly waive any right to a jury trial with respect to such controversy to the fullest extent allowed by law.**

(Dkt. 190-1, p. 12). The above statement is not as conspicuous as those set in a separate box, but it is in a separate paragraph and is not hidden in a footnote.

4

Case No. 8:12-CV-1837-T-17MAP

It is undisputed that Defendant/Counter-Plaintiff/Cross-Plaintiff Kaplan is a sophisticated businessman.  The terms of the Deposit Agreement are not negotiable, but the Kaplan Parties were not obliged to open accounts at Regions Bank.  There is no allegation that the Kaplan Parties were denied an opportunity to consult counsel, if they wished to do so.

After consideration, the Court finds that the waiver of jury trial was knowing and voluntary, and therefore **grants** the Motion to Strike Jury Demand as to all claims and counterclaims between Regions Bank and the Kaplan Parties, including counterclaims/crossclaims asserted by the Kaplan Parties against Regions Bank and its employees.  Accordingly, it is

**ORDERED** that the Motion to Strike Kaplan Parties' Renewed Jury Demand (Dkt. 177) is **granted**; the Motion for Leave to File Reply (Dkt. 261) is **denied** as moot.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 29th day of September, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record