UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

                Plaintiff,

v.                                      CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, etc.,
et al.,

                Defendants.
_____/

MARVIN I. KAPLAN, etc., et al.,

   Counterclaim/Crossclaim Plaintiffs,

v.

ROBERT NICHOLAS SHAW, etc.
et al.,

   Counterclaim/Crossclaim Defendants.

_____/

BRIDGEVIEW BANK GROUP,

   Counterclaim/Crossclaim Plaintiff,

v.

MARVIN I. KAPLAN, etc., et al.,

   Counterclaim/Crossclaim Defendants.

_____/

Case No. 8:12-CV-1837-T-17MAP

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 93 | Amended Counterclaim and Crossclaims |
| Dkt. 366 | Motion for Judgment on the Pleadings as to Count II Of the Amended Crossclaim (Starr) |
| Dkt. 374 | Response in Opposition (Kaplan Parties) |

Crossclaim Defendant Charles Larry Starr, III ("Starr") moves for judgment on the pleadings as to Count II of the Amended Counterclaim and Crossclaims.

Crossclaim Plaintiffs Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, and BNK Smith, LLC ("Kaplan Parties") oppose the Motion for Judgment on the Pleadings.

Count II of the Amended Counterclaim and Crossclaims is a claim for conspiracy to defraud asserted by the Kaplan Parties against Starr, G. Todd. Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group and Smith Advertising & Associates. In Count II, Crossclaim Plaintiffs incorporate paragraphs 1 - 186 of the Amended Counterclaim and Crossclaims, and further allege:

> 193. The Conspirators entered into an agreement between themselves to unlawfully defraud the Investment Companies;
>
> 194. The Conspirators engaged directly and overtly in the conduct afore-described in pursuance of the conspiracy.
>
> 195. The Investment Companies have been damaged by the Conspirator's unlawful conduct.

The Investment Companies seek judgment for damages against Starr, the Smiths, Bridgeview Bank Group and Smith Advertising & Associates. A Final Default Judgment as to liability and entitlement to damages has been entered on all pending

Case No. 8:12-CV-1837-T-17MAP

counts of the Amended Counterclaim and Crossclaims as to the Smiths and Smith Advertising and Associates, Inc. (Dkt 349).

I. Standard of Review

"Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. District Att'ys Office for Escambia County, 592 F.3d 1237, 1255 (11th Cir. 2010)(quotations and citations omitted). The Court accepts the facts presented in the complaint as true and views them in the light most favorable to the nonmovant. Id. Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. See Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

II. Discussion

Crossclaim Defendant Starr moves for judgment on the pleadings on two issues, as follows:

A. Under Florida law, conspiracy is not an independent tort

Crossclaim Defendant Starr argues that the substantive tort claims, Count I (fraud) and Count III (negligent misrepresentation) were dismissed without leave to amend (Dkt. 84); after repleading Counts I and Count III in the Amended Counterclaim and Crossclaims, and in response to Crossclaim Defendant Starr's Motion to Dismiss, Crossclaim Plaintiffs stated that they were not pursuing Counts I and III (Dkt. 131, p. 5). Counts I and III were again dismissed without leave to amend. Crossclaim Defendant Starr argues that the Court should grant judgment on the pleadings dismissing Count II,

Case No. 8:12-CV-1837-T-17MAP

as there is no pending substantive claim as to Crossclaim Defendant Starr.

Crossclaim Plaintiffs respond that the Court has denied Crossclaim Defendant's Motion to Dismiss and Motion for Reconsideration as to the civil conspiracy claims. (Dkt. 244, pp. 13-14; Dkt. 351, p. 15). Crossclaim Plaintiffs argue that, although there is no separate underlying tort claim against Crossclaim Defendant Starr individually, the underlying torts of fraud and negligent misrepresentation against the Smith parties are alive and well. Crossclaim Plaintiffs point out that, under Florida law, each conspirator need not participate in every stage of the conspiracy; a conspirator need only know of the scheme and assist it in some way to be held responsible for all of the acts of his coconspirators. Donofrio v. Mattasini, 503 So.2d 1278 (Fla. 2d DCA1978), cert. den., 370 So.2d 459 (Fla. 1979); Nicholson v. Kellin, 481 So.2d 931, 985 (Fla. 5th DCA 1985).

In Count II, Crossclaim Plaintiffs have sufficiently alleged agreement to do an "unlawful act," an overt act in furtherance of the conspiracy, and damage to Crossclaim Plaintiffs as a result of acts done under the conspiracy. After consideration, the Court denies the Motion for Judgment on the Pleadings as to Crossclaim Defendant Starr.

B. Fed. R. Civ. P. 9(b)

Crossclaim Defendant Starr argues that Count II does not state an actionable claim with sufficient particularity under Fed. R. Civ. P. 9(b). Crossclaim Defendant Starr argues that, by properly dismissing Count I (fraud) and Count III (negligent misrepresentation), the Court overlooked the heightened pleading requirements as to Count II, and the deficiencies of when and how Starr obtained Starr's alleged knowledge of the purpose and scope of the alleged conspiracy, when and how Starr joined the alleged conspiracy, and how Starr received anything for his alleged participation. Crossclaim Defendant argues that these particulars are still missing.

Case No. 8:12-CV-1837-T-17MAP

Crossclaim Plaintiffs respond that the Court has identified additional factual allegations as to Crossclaim Defendant's intentional participation in the scheme to defraud (Dkt. 351, p. 15).

While Crossclaim Plaintiffs did not include the factual allegations the Court specified, particularity requirements may be relaxed for a prolonged, multi-act scheme. Crossclaim Plaintiffs included general allegations of the time when Crossclaim Defendant Starr and the Smiths originated the scheme to defraud based on information and belief, with the particular facts to be obtained through discovery. Crossclaim Plaintiffs do not allege the specific time when Crossclaim Defendant Starr and the Smiths conceived of using the Smiths' business to carry out the scheme, but Crossclaim Plaintiffs do allege that Starr and the Smiths agreed to present the scheme to Kaplan as a legitimate investment when Starr knew it was not. The presentation to Kaplan took place at a specific point in time.

Crossclaim Plaintiffs have alleged one instance of Crossclaim Defendant Starr's alleged participation in the scheme. Although Crossclaim Plaintiffs allege that the Conspirators received money throughout the scheme, Crossclaim Plaintiffs do not allege the specific means by which Crossclaim Defendant Starr received money from the scheme. Since Crossclaim Plaintiffs have adequately alleged the overall scheme, and identified the respective roles of the conspirators, the Court will not require a more specific allegation of the particular means of receipt of the proceeds at this time.

After consideration, the Court denies the Motion for Judgment on the Pleadings. Accordingly, it is

**ORDERED** that the Motion for Judgment on the Pleadings (Dkt. 366) is **denied**.

Case No. 8:12-CV-1837-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 15th day of May, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record