UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

      Plaintiff,

v.                                    CASE NO.  8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, etc.,
et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 435    Motion to Defer Payments to Experts or to Determine Reasonableness of Expert Charges
Dkt. 436    Motion for Approval of Expert Witness Fees and Expenses
Dkt. 437    Response (Kaplan)
Dkt. 442    Response (Regions Bank)
Dkt. 443    Notice of Joinder (Bridgeview)

Jason D. Koontz, banking expert witness for the Kaplan Parties (Marvin Kaplan and Kaplan Entities), is scheduled to be deposed on August 28, 2015.  Defendants Kaplan Parties have requested that Regions Bank and Bridgeview Bank Group pay an invoice from TASA Group, Inc. in the amount of $10,325.29 (Dkt. 435-2) in advance, or Witness Koontz will not appear for the deposition.

Regions Bank has moved for an order deferring reimbursement obligations pending the outcome of this case and judicial determination of the reasonableness of the charges, or in the alternative for a determination of the reasonableness of the charges following submission of data reflecting that the charges are reasonable for

Case No. 8:12-CV-1837-T-17MAP

banking experts by the Kaplan Parties.  Regions Bank requests that the Court order prompt submission of supporting information not already provided, and the Court should order the Kaplan Parties to produce their expert on the scheduled date even if the Court has not yet ruled on the reasonableness of the charges by that time, failing which the Kaplan Parties would be precluded from using that expert witness at trial.

Bridgeview Bank Group joins in the Motion to Defer Payment or to Determine Reasonableness.

The Kaplan Parties oppose the Motion to Defer, and have moved for approval of the expert witness fees and expenses pursuant to Fed. R. Civ. P. 26(b)(4)(c).  The Kaplan Parties seek an order requiring Regions Bank and other parties to compensate the Kaplan Parties' banking expert at his prevailing hourly rate, plus reasonable traveling expenses and all time spent preparing or attending the deposition, and requiring Regions Bank and other parties make said payment no later than forty-eight hours prior to the scheduled deposition.

Regions Bank opposes the Kaplan Parties' Motion for Approval of Expert Witness Fees and Expenses.  Regions Bank disputes the reasonableness of the charges.

I.  Discussion

The Court notes that efforts were made to secure a reciprocal agreement as to treatment of expert costs, but the parties were unable to reach an agreement.

A.  Request to Defer Payment to Experts

Fed. R. Civ. P. 26(b)(4)(E) provides:

Case No. 8:12-CV-1837-T-17MAP

> (E) *Payment*.    Unless manifest injustice would result, the court must require that the party seeking discovery:
> (i)   pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)......

Regions Bank argues that the Court should defer its reimbursement obligation pending the outcome of the case, and pending submission of data as to commissions charged by TASA, the expert's standard rates when TASA is not involved, and reasonable charges for qualified comparable banking experts in this district.  Regions Bank relies on the Committee Notes to the 1970 amendments to Rule 26, which state that "[t]he court may issue [an order to pay fees] as a condition of discovery, or it may delay the order until after discovery is completed."  The order to pay fees refers to an order to pay the party whose expert is made subject to discovery a fair portion of the fees and expenses the party incurred in obtaining information from the expert.

Regions Bank further argues that the Kaplan Parties should be required to produce to produce supporting information on the reasonableness of the charges, in the event that the Court denies the Motion to Defer and determines the reasonableness of the charges.

The Kaplan Parties oppose the Motion to Defer, and have separately moved for approval of expert witness fees and expenses.

The Court notes that the charges included in the TASA Group, Inc.'s invoice of $10,325.29 are estimates, not actual charges.  As to the request of the Kaplan Parties that Regions Bank and other parties pay the expert fee in advance of the deposition, other courts have denied requests for advance payment because Rule 26(b)(4)(E) does not require it.  See Parkland Venture, LLC v. City of Muskego, 2010 WL 4723411 (E.D. Wis. 2011)(unreported); Harris v. Costco Wholesale Corp., 226 F.R.D. 675 (S.D. Cal. 2005)(unlike ordinary witness fees, no rule requires that an opposing expert's deposition

3

Case No. 8:12-CV-1837-T-17MAP

fees be tendered to the witness in advance).

After consideration, the Court **grants** the Motion to Defer Payments to Experts. Fed. R. Civ. P. 26(b)(4)(E) does not require payment in advance of the deposition of the expert. Once the deposition has been concluded, and an invoice for actual charges is issued, the Court will determine the reasonableness of the actual charges that Regions Bank and other parties will be required to pay. The Court notes that Regions Bank and Bridgeview Bank Group as well as the Kaplan Parties have retained expert witnesses who will testify at trial, and who may be deposed prior to trial. Since Regions Bank and other parties will not be required to make advance payment prior to deposition of the Kaplan Parties' expert, in the event that the Kaplan Parties seek to depose the expert witnesses of other parties, advance payment will not be required.

The Kaplan Parties **shall produce** their expert on the scheduled date. As noted above, the Court expects that reasonableness of expert witness fees and costs will be determined after expert depositions are concluded.

B. Reasonableness

Regions Bank does not contest that the Kaplan Parties' expert should be paid a reasonable amount of the expert's charges for testifying at deposition. Regions Bank contests the reasonableness of the charges Regions Bank has been asked to pay as a condition precedent to the appearance of Kaplan Parties' expert for the scheduled deposition.

Rule 26(b)(4)(C) seeks to calibrate the fee so that plaintiffs will not be hampered in efforts to hire quality experts, while defendants will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert. See Anthony v. Abbott Laboratories, 106 F.R.D. 461, 465 (D.R.I. 1985). The Kaplan Parties argue

4

Case No. 8:12-CV-1837-T-17MAP

that the Court should consider the following factors:

1. the witness's area of expertise;
2. the education and training that is required to provide the expert insight sought;
3. the prevailing rates for other comparable respected experts;
4. the nature, quality and complexity of the discovery sought;
5. the cost of living in the particular geographic area;
6. the fee being charged by the expert to the retaining party;
7. the fee traditionally charged by the expert on related matters;
8. any other factor likely to be of assistance to the court in balancing the parties' respective interests.

Tomlinson v. Landers, 2009 WL 2499006 (M.D. Fla. Aug. 14, 2009).

The Kaplan Parties argue that the expert's hourly rates are consistent with comparable experts, including Regions Bank's experts, that this case is a complex case involving a complicated set of transactions that will be illuminated by appropriate expert testimony, and that the expert's fee is consistent with fees he traditionally charges on related matters.

The Kaplan Parties observe that "courts have been inconsistent in addressing the question of what constitutes a "reasonable fee" under Rule 26(b)(4)(E)." (Dkt. 437, p. 3).   The Kaplan Parties argue that the Kaplan Parties are entitled to the award of reasonable costs, including travel expenses, preparation time and deposition time incurred by the expert in connection with the scheduled deposition.  The Kaplan Parties argue that travel time is also compensable.  New York v. Solvent Chemical Co., 210 F.R.D. 462, 472 (W.D.N.Y. 2002).

Regions Bank contests the reasonableness of the expert's hourly rates, in light of the nature of the expert's training and experience, the uncomplicated subject matter of the expert's testimony, and in comparison with other expert witnesses involved in this case who are more qualified and charge substantially less than the Kaplan Parties'

Case No. 8:12-CV-1837-T-17MAP

banking expert. Regions Bank further argues that the Court should not rule on reasonableness in a vacuum, and that requests for court determination of the reasonableness of an expert's fees are typically handled at the end of a case, not before an expert testifies.

Regions Bank has argued that the Kaplan Parties have not provided sufficient supporting information. The Court further notes the following provisions in the TASA Group, Inc.'s offers of expert services (Dkt. 435-4):

### Charges

**...... "Each rate covers the services of both the Expert and TASA Group.....Billings are for the Expert's time and the Expert's expenses times a factor of 1.2, and a one-time administrative charge of $175.00 per expert per case.....Charges for certain circumstances, including depositions, court appearances and out of town work, are usually computed on a daily basis, and will be estimated and *payable in advance to The Tasa Group, Inc.* Additionally, all outstanding bills are payable in advance of court appearances. Time and/or expenses greater than the estimate will result in additional billing, and overpayments will be refunded. If a scheduled court appearance is cancelled, a fee will be charged based on the hours that the Expert lost because of the Expert's commitment to appear.**

### Terms

**All bills are payable to THE TASA GROUP, INC., upon presentation. We do not operate on a contingent fee basis, nor should a bill go unpaid until a matter is resolved. Monies due TASA Group are not dependent upon your receipt of payment by your client. Bills will be presented when the Expert invoices us. This is usually done monthly.**

### Responsibility for Payment

**By using the services of a TASA-referred expert, you affirm that you are, and remain, primarily responsible for payment relative to the TASA referred expert's services. This includes, but is not limited to,**

Case No. 8:12-CV-1837-T-17MAP

**services that may be required in some jurisdiction by opposing counsel in a litigation context whether for deposition or otherwise.....**

These provisions appear to be standard provisions in each contract. If the Kaplan Parties have not produced the agreement supporting the Koontz invoice, the Kaplan Parties will have a further opportunity to produce it.

The Court is not persuaded that the Court has all of the necessary information to make a determination as to reasonableness at this time. The determination of reasonableness of the expert witness fees and expenses will require the application of the above factors, in light of the particular circumstances of this case. The Court notes that the parties agreed that the experts will travel to the agreed deposition site, rather than all lawyers traveling to the expert location to minimize the costs/fees to the parties. (Dkt. 435, p. 4). In this case, the amount of travel time, along with four hours of preparation time, exceeds the amount charged for actual deposition time. Courts in other jurisdictions have awarded costs for expert travel time under various approaches. See U.S. v. 1.604 Acres of Land, 275 F.R.D. 234, 236 (E.D. Va. 2011). Some courts have included the availability of a local expert as a factor in determining a reasonable amount awarded for travel time. The Court looked for but did not find information as to the availability of experts in this district, and the fees that they customarily charge. As to the amount of mark-up over and above an expert's hourly rates, other courts have accepted the amount of a third party referral fee as "part and parcel of modern litigation." New York v. Solvent Chemical Co., Inc., 210 F.R.D. 62 (W.D.N.Y. 2002).

After consideration, the Court **denies** the Motion for Approval of Expert Witness Fees and Expenses **without prejudice**. Upon the conclusion of the deposition, the Parties **shall confer and attempt to reach an agreement as to the amount of reasonable expert fees and expenses**. If the Parties are unable to reach an agreement, a motion to determine reasonable expert fees and expenses shall be filed. Accordingly, it is

Case No. 8:12-CV-1837-T-17MAP

**ORDERED** that the Motion to Defer Payments to Experts (Dkt. 435) is **granted**. The Kaplan Parties **shall produce** their banking expert witness, Jason D. Koontz, at the scheduled deposition on August 28, 2015 without advance payment by Regions Bank and other parties; the alternative Motion to Determine Reasonableness is **denied without prejudice**.  It is further

**ORDERED** that the Motion for Approval of Expert Witness Fees and Expenses (Dkt. 436) is **denied without prejudice**.  At the conclusion of the deposition, the parties **shall confer and attempt to reach agreement as to the amount of reasonable expert fees and expenses**.  If no agreement is reached, a motion to determine reasonable expert fees and expenses shall be filed.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 18th day of August, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record