UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK,

    Plaintiff,

v.                                         CASE NO.: 8:12-cv-1837-T-17MAP

MARVIN I. KAPLAN, et al

    Defendants,

_____/

## ORDER

Before me is Bridgeview Bank Group's motion for leave to file documents under seal (doc. 446). By the motion, Bridgeview Bank Group requests leave to seal its motion to determine that deposition testimony of Martin Kaplan is not privileged, as well as Exhibit A to that motion. Specifically, Bridgeview Bank Group claims that the motion and exhibit contain information over which Mr. Kaplan has asserted a claim of privilege and, therefore, filing under seal is authorized by Federal Rule of Civil Procedure 26(b)(5)(B). Although Bridgeview Bank Group did not comply with Local Rule 3.01(g), which requires that a movant certify he or she has conferred with opposing counsel regarding the subject matter of the motion and state whether opposing counsel agrees to the relief sought in the motion, I will presume that Mr. Kaplan does not oppose the motion because he is interested in protecting information over which he claims a privilege. For the reasons stated, Bridgeview Bank Group's motion is granted.

When deciding whether to seal a document, the Court must keep in mind its responsibility to the public to ensure that the public interest in the common-law right of access to judicial

proceedings is protected. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("The operations of the courts and the judicial conduct of judges are matters of the utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.") (internal citations omitted). The "right of access has a more limited application in the civil context than it does in the criminal." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). In civil cases, courts have found that the common-law right of access may be overcome if the party seeking the protection shows good cause. *Id.* If good cause exists, the Court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. *Id.* at 1313.

Here, I am satisfied that the motion and exhibit contain information over which Mr. Kaplan asserts a privilege. Therefore, there is good cause for protecting the information, and Federal Rule of Civil Procedure 26(b)(5)(B) authorizes seal. *See* Fed. R. Civ. P. 26(b)(5)(B) ("If information produced in discovery is subject to a claim of privilege[,] . . . a party . . . may promptly present the information to the court under seal for a determination of the claim."). Finally, this case involves private parties and raises little public concern. Thus, the balance of interests weighs in favor of sealing these documents. Accordingly, it is ORDERED:

1. Bridgeview Bank Group's motion to seal (doc. 446) is GRANTED.
2. The Clerk is directed to file Bridgeview Bank Group's motion to determine that deposition testimony of Marvin Kaplan is not privileged, as well as Exhibit A to that motion, under seal.

3. The duration of the seal will extend until the lawsuit is terminated. *See* Local Rule 1.09(c). However, if the motion to determine that deposition testimony of Martin Kaplan is not privileged is granted, the motion and exhibit shall be unsealed.

DONE and ORDERED at Tampa, Florida on August 24, 2015.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE