UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

        Plaintiff,

v.                                  CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, etc.,
et al.,

        Defendants.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 458 | Motion to Stay Proceedings and Extend Discovery Pending Resolution of Related Criminal Proceedings (Kaplan and Kaplan Entities) |
| Dkt. 462 | Response in Opposition (Regions Bank, Wells Fargo Bank, Bridgeview Bank Group) |
| Dkt. 463 | Joinder and Adoption (Bridgeview Bank Group) |
| Dkt. 464 | Joinder and Adoption (Regions Bank) |
| Dkt. 469 | Supplement to Motion to Stay (Kaplan and Kaplan Entities) |
| Dkt. 479 | Response in Opposition to Supplement to Motion to Stay (Regions Bank, Wells Fargo Bank, Bridgeview Bank Group) |

Defendants/Counter-Claimants/Cross-Claimants Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC (Kaplan and Kaplan Entities) move to stay discovery and proceedings in this civil case pending resolution of related criminal proceedings, pursuant to Fed. R. Civ. P. 26(c).

The basis of the Motion to Stay is that Todd Smith and Gary T. Smith have been indicted for wire fraud in connection with the Ponzi scheme, Case No. 8:14-MJ-1309-T-

Case No. 8:12-CV-1837-T-17MAP

AEP, and as a result the Smiths will not provide deposition testimony, and have stated that they will assert their Fifth Amendment privilege against self-incrimination if they are subpoenaed to testify. In addition, former Smith employees Dawn Jackson and Amber Mathias, who have knowledge of the inner workings of the Ponzi scheme, have also stated that they will not provide deposition testimony and will assert their Fifth Amendment privilege against self-incrimination until such time as the criminal proceedings have been concluded and they have been assured that criminal charges will not be brought against them. Kaplan and the Kaplan Entities assert that the testimony of the Smiths, Ms. Jackson and Ms. Mathias regarding their involvement in the underlying scheme is central to the resolution of the claims and defenses of Kaplan and the Kaplan Entities. Kaplan and the Kaplan Entities argue that if this civil case is allowed to proceed without the testimony of these individuals, Kaplan and the Kaplan Entities will be unable to prove their claims or defenses.

Kaplan and the Kaplan Entities seek a stay until the critical evidence becomes available following the completion of the criminal prosecution against the Smiths; in addition, Kaplan and the Kaplan Entities request that the stay be tailored to allow discovery to continue beyond the September 15, 2015 scheduled deadline, due to the complexity of the issues and the difficulty in setting a deposition date for Larry Starr, a key witness to Kaplan's claims and defenses. In the Supplement, Kaplan and the Kaplan entities further assert that two critical witnesses, Walter and Matthew Schultz, were subpoenaed to appear for deposition on September 4, 2015, but the depositions cannot be completed prior to the September 15, 2015 discovery cut-off.

Regions Bank, Wells Fargo Bank and Bridgeview Bank Group respond that the Motion to Stay should be denied, since Kaplan and the Kaplan Entities have not established that a stay is required or appropriate at this time.

Regions Bank, Wells Fargo Bank and Bridgeview Bank Group have agreed,

Case No. 8:12-CV-1837-T-17MAP

subject to court approval, to extend the discovery deadline for a short period to accommodate depositions of Regions' 30(b)(6) witnesses and additional witnesses, Robert Shaw and Brandy Burnett. There is no objection to a short extension to depose Larry Starr, but the Bank Parties request that the deadline not be extended beyond October 15, 2015. The Bank Parties further argue that Kaplan and the Kaplan Entities have not established good cause to extend the discovery deadline to depose Walter and Matthew Schultz, where the involvement of these witnesses was known in 2010, and no attempt was made to depose them until a short time before the agreed upon last day reserved for depositions, September 4, 2015, and the discovery cut-off of September 15, 2015.

I. Standard of Review

"A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" S.E.C. v. Wright, 261 Fed. Appx. 259 (11th Cir. 2008)(citing United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 364 (11th Cir. 1994)(civil forfeiture context). "However, a blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." Id.  "Special circumstances" may include record evidence that the civil case was brought solely to obtain evidence for the criminal prosecution, or that the criminal case was unconstitutional or inappropriately instituted. Wright, 261 Fed. Appx. at 263. "The very fact of a parallel criminal proceeding does not alone constitute 'special circumstances.'" In re Blankenship, 408 B.R. 854, 861 (Bankr. N.D.Ala. June 8, 2009).

The Court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant. United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359 (11th Cir. 1994)(citing United States v. Premises Located at Route 13, 946 F.2d 749, 756 (11th Cir. 1991)). The general rule provides "that the Fifth

Case No. 8:12-CV-1837-T-17MAP

Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." United States v. A Single Family Residence & Real Property, 803 F.2d 625, 629 n.4 (11th Cir. 1986). The Fifth Amendment is violated when a person, who is a defendant in both a civil and criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment. See Pervis v. State Farm Fire & Casualty Co., 901 F.2d 944 (11th Cir.), cert. denied, 498 U.S. 899 (1990). Where the invocation of the Fifth Amendment privilege merely results in the loss of a defendant's most effective defense, not the automatic entry of summary judgment, the exception to the general rule does not apply.

In determining whether the invocation of the Fifth Amendment privilege would result in an adverse judgment, the Court considers: 1) the extent to which issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously against the prejudice to the plaintiffs caused by the delay; 4) the private interests and burden on the defendants; 5) the interest of the courts; and 6) the public interest. Coquina Investments v. Rothstein, 2011 WL 2530945 at *1 (S.D. Fla. 2011).

II. Analysis

A. Request for Stay

Kaplan and the Kaplan Entities have provided the affidavits of Gary Truman Smith, Gary "Todd" Smith, Amber Mathias and Dawn Jackson, which attest that these witnesses each will assert his/her Fifth Amendment privilege against self-incrimination in response to any and all lines of questioning taken by any party in this case.

Case No. 8:12-CV-1837-T-17MAP

The above affidavits are inadequate to support the request for a mandatory stay, in that the affidavits are a blanket assertion of the Fifth Amendment privilege of each witness.

Kaplan and the Kaplan Entities have not identified special circumstances that require that a stay be granted in the interest of justice. The Government is not involved in the prosecution of this civil case. The Court is not aware of record evidence that the civil case was brought solely to obtain evidence for the criminal prosecution, or that the criminal case is unconstitutional or inappropriately instituted.

Kaplan and Kaplan Entities have argued that, if a stay is not granted, the assertion of the Fifth Amendment privilege against self-incrimination by the Smiths, Mathias and Jackson will result in the entry of summary judgment against Kaplan and the Kaplan Entities. The Court has considered whether the exception to the general rule permitting a party to draw an adverse inference from the assertion of the Fifth Amendment privilege against self-incrimination has been triggered.

The Court notes, and the Bank Parties recognize, that there is some overlap between the issues in this case and the criminal indictment of the Smiths. The Court does not know how and when the criminal proceedings against the Smiths will be resolved. In addition, Amber Mathias, Dawn Jackson and Marcia Caulder (another witness set for deposition) have not been indicted. The Court does not know when, if ever, these witnesses will be indicted.

This case was commenced in 2012, and Kaplan and the Kaplan Entities chose to assert various counterclaims and crossclaims. The related criminal proceedings involving the Smiths commenced in May, 2014; the related criminal proceedings did not prevent Kaplan and the Kaplan Entities from proceeding to a final default judgment against the Smiths and Smith Advertising & Associates, Inc. (Dkts. 346, 349).

Case No. 8:12-CV-1837-T-17MAP

The Court further notes that Kaplan and the Kaplan Entities have not identified specific questions to which each witness will assert his/her Fifth Amendment privilege, and have not explained why each specific claim and defense cannot be proven and substantiated through other testimony or evidence. See United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 364 (11th Cir. 1994).

The Court further notes that the discovery deadline is looming, as well as the date for filing dispositive motions, and public policy favors the timely resolution of this civil case.

After consideration, the Court finds that Kaplan and the Kaplan Entities have not met their burden of showing that invocation of the Fifth Amendment privilege against self-incrimination by the specified witnesses will compel an adverse judgment against Kaplan and the Kaplan Entities, such that a stay would be appropriate. The possibility that the assertion of the Fifth Amendment privilege may impact the claims and defenses of Kaplan and the Kaplan Parties is not sufficient to justify an indefinite stay. The Court therefore denies the Motion for Stay.

B. Extension of Discovery Deadline

The Court grants the Motion for Extension of Discovery Deadline in part as to the depositions of Regions' 30(b)(6) witnesses, Robert Shaw, Brandy Burnett and Larry Starr, to be completed no later than October 15, 2015.

As to the depositions of Walter Schultz and Matthew Schultz, Kaplan and the Kaplan Entities have not established good cause to extend the discovery deadline, and the Court therefore denies the Motion for Extension of Discovery Deadline as to those two depositions. Accordingly, it is

Case No. 8:12-CV-1837-T-17MAP

**ORDERED** that the Motion to Stay Proceedings and Extend Discovery Pending Resolution of Related Criminal Proceedings (Dkt. 458) is **granted in part and denied in part**. The Motion to Stay is **denied**. The Motion to Extend Discovery is **granted** to permit the depositions of Regions' 30(b)(6) witnesses, Robert Shaw, Brandy Burnett and Larry Starr, to be completed no later than October 15, 2015. The **Supplement** to Motion to Stay (Dkt. 469) is **denied** as to the depositions of Walter Schultz and Matthew Schultz.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 8th day of September, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record