UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK,

    Plaintiff,

    v.                                         CASE NO. 8:12-cv-1837-T-17MAP

MARVIN I. KAPLAN, et al

    Defendants.
_____/

**ORDER**

Before me is Bridgeview Bank Group's motion to determine that certain testimony of Marvin Kaplan is not privileged (doc. 472). Specifically, Bridgeview Bank Group ("BBG") asks me to find that Mr. Kaplan's communications with his attorney, Mr. Parrish, that occurred during their first meeting and concerned a deal with Smith Advertising & Associates, Inc., G. Todd Smith a/k/a Todd Smith, and Gary T. Smith (the "Smith deal") are not protected by the attorney-client privilege. Regions Bank and Wells Fargo, N.A. join the motion (*id.*). Mr. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, and BNK Smith, LLC oppose the motion (doc. 499). For the reasons stated below, I deny BBG's motion.

    *A. Background*

During his April 9, 2015 deposition, Mr. Kaplan revealed that he first met Mr. Parrish, his attorney in this action, in 2010 or 2011. *See* Kaplan Trans. at 828:12-14. During the meeting, which occurred in Mr. Kaplan's office, Mr. Kaplan and Mr. Parrish discussed a deal involving one of Mr. Kaplan's properties. *Id.* at 829:6-13. Mr. Kaplan subsequently retained Mr. Parrish to represent him, and Mr. Parrish charged Mr. Kaplan for the initial meeting. *Id.* at 828:25-829:13.

Mr. Kaplan and Mr. Parrish also discussed the Smith deal at that meeting. *Id.* at 808:14-25. During Mr. Kaplan's deposition, BBG's counsel asked Mr. Kaplan whether he was seeking legal advice when he spoke to Mr. Parrish concerning the Smith deal. *Id.* at 809:14-17. Mr. Kaplan answered "no," and subsequently disclosed the substance of those communications. *Id.* at 809:18-21. Mr. Parrish then interposed a privilege objection. *Id.* at 809:23-810:2.

B.  Discussion

The party invoking a privilege has the burden of proving its existence. *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688 (M.D. Fla. 2005) (citing *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991)). The elements of the attorney-client privilege are as follows:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Proceedings 88–9(MIA)*, 899 F.2d 1039, 1042 (11th Cir. 1990). When advice given by an attorney relates to both business and legal matters, the legal advice must predominate for the attorney-client privilege to apply. *Carpenter v. Mohawk Indus., Inc.*, No. 4:07-CV-0049-HLM, 2007 WL 5971741, at *9 (N.D. Ga. Oct. 1, 2007). Accordingly, general business advice, unrelated to legal advice, is not protected by the privilege. *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, No. 6:09-CV-1002-ORL-31, 2012 WL 5415108, at *2 (M.D. Fla. Nov. 6, 2012) (citing *In re Vioxx Prods. Liab. Litig.*, 501 F.Supp.2d 789, 797 (E.D. La. 2007) (internal quotations omitted)).

BBG first alleges that Mr. Kaplan's communications with Mr. Parrish concerning the Smith deal are not privileged because Mr. Kaplan was speaking with Mr. Parrish prior to retaining him and was just "telling Mr. Parrish about the deal." Kaplan Trans. at 809:20.  In other words, BBG asserts that the communications concerned business and Mr. Kaplan was not seeking legal advice.  Mr. Kaplan argues that, while the conversation concerned a business venture, he was primarily seeking legal advice concerning his different business affairs.

Mr. Kaplan stated during his deposition that his initial meeting with Mr. Parrish was related to a deal for which he subsequently retained Mr. Parrish.  *See* Kaplan Trans. at 829:5-13.  Mr. Kaplan was aware that Mr. Parrish was an attorney, and was paying for time spent with him during that meeting.  *Id.* at 828:25-829:1.  Because Mr. Kaplan was introduced to Mr. Parrish in his capacity as a lawyer, it logically follows that Mr. Kaplan would have sought Mr. Parrish's legal advice concerning other deals in which Mr. Kaplan was involved.  Accordingly, I find that Mr. Kaplan has met his burden of establishing that his communication was for the purpose of securing primarily an opinion on law, legal services, or assistance in some legal proceeding, and is protected by the attorney-client privilege.

BBG next argues that Mr. Kaplan waived the privilege by testifying that he was not seeking legal advice from Mr. Parrish concerning the Smith deal and by not timely seeking to rectify the disclosure.  The Eleventh Circuit has identified three methods by which a party can waive the attorney-client privilege by implication: (1) when a client testifies concerning portions of the attorney-client communication; (2) when a client places the attorney-client relationship directly at issue; and (3) when a client asserts reliance on an attorney's advice as an element of a claim or defense.  *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1418 (11th Cir.1994).  However,

3

waiver must be an intentional abandonment of a privilege. *Ray v. Cutter Labs., Div. of Miles, Inc.*, 746 F. Supp. 86, 87 (M.D. Fla. 1990) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A disclosure does not operate as a waiver of privilege if "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error." Fed. R. Evid. 502(b).

Here, Mr. Kaplan inadvertently identified that he was not seeking legal advice from Mr. Parrish and answered one question on the substance of his conversation with Mr. Parrish. Kaplan Trans. at 809:19-21. Immediately after Mr. Kaplan answered the question, Mr. Parrish stated that he was going to interpose a privilege objection and move to have the testimony stricken and sealed. *Id.* at 809:23-810:2. And, Mr. Parrish instructed his client to not answer all other questions on the topic. *Id.* at 829:19-832:1. BBG argues that this was not enough to rectify the error and that Mr. Kaplan was also required to file a motion with the Court. However, BBG cites no authority for this proposition. Accordingly, I find that Mr. Kaplan did not waive the attorney-client privilege.

*C. Conclusion*

For these reasons, it is ORDERED

1. BBG's motion to determine that certain testimony of Marvin Kaplan is not privileged (doc. 472) is DENIED.

DONE AND ORDERED at Tampa, Florida on September 25, 2015.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE