UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

        Plaintiff,

v.                                  CASE NO.  8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, et al.,

        Defendants.

_____

MARVIN I. KAPLAN, etc., et al.,

        Counterclaim/Crossclaim
        Plaintiffs,

v.

REGIONS BANK, etc., et al.,

        Counterclaim/Crossclaim
        Defendants.
_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 538 | Notice of Filing Documents in Support (Bank Parties) |
| Dkt. 539 | Sealed Exhibits in Support of Joint Statement of Undisputed Facts |
| Dkt. 540 | Notice of Filing Deposition Transcripts and Exhibits in Support of Joint Statement of Undisputed Facts (Bank Parties) |
| Dkt. 541 | Notice of Filing Affidavits, Declarations and Exhibits in Support of Joint Statement of Undisputed Facts (Bank Parties) |
| Dkt. 542 | Joint Statement of Undisputed Facts (Bank Parties) |
| Dkt. 544 | Motion for Summary Judgment (Bridgeview Bank Group) |
| Dkt. 582 | Sealed Exhibits (Bank Parties) |
| Dkt. 583 | Notice of Filing (Kaplan Parties) |

Case No. 8:12-CV-1837-T-17MAP

| | |
|---|---|
| Dkt. 584 | Statement of Undisputed Facts re Dkt. 542 (Kaplan Parties) |
| Dkt. 587 | Response in Opposition (Kaplan Parties) |
| Dkt. 596 | Sealed Exhibits (Kaplan Parties) |
| Dkt. 597 | Sealed Exhibits (Kaplan Parties) |
| Dkt. 598 | Sealed Exhibits (Kaplan Parties) |
| Dkt. 601 | Corrected Statement of Undisputed Facts in Opposition to Bank Parties Joint Statement of Undisputed Facts (Kaplan Parties) |

Counterclaim/Crossclaim Defendant Bridgeview Bank Group ("BBG") moves for summary judgment against Counterclaim/Crossclaim Plaintiffs Marvin Kaplan, R1A Palms, LLC ("R1A"), Triple Net Exchange, LLC ("TNE"), MK Investing, LLC ("MKI") and BNK Smith, LLC ("BNK") on claims asserted in the Amended Counterclaim/Crossclaim (Dkt. 93):

| | |
|---|---|
| Count II | Conspiracy to Defraud |
| Count XIII | Breach of U.C.C. Sec. 4-302(A) |
| Count XV | Breach of 12 C.F.R. Part 229 |
| Count XVII | Negligence |
| Count XIX | Fraud |
| Count XX | Negligent Misrepresentation |

Counterclaim/Crossclaim Plaintiffs have filed a Cross-Motion for Summary Judgment as to Count XIII and Count XV (Dkt. 553).

I. Background

The material recited facts are drawn from the Parties' Statements of Facts and other record evidence; the facts are either undisputed or taken in the light most favorable to Counterclaim/Crossclaim Plaintiffs. The Bank Parties' Statement of Undisputed Facts identifies the facts which apply to the respective Motion for Summary Judgment of each Party (Regions Bank, Bridgeview Bank Group, Wells Fargo Bank, N.A.). As to this Motion, the Court notes pars. 1-31, 37-43, 46-79, 81-89, 92-94. Kaplan Parties have filed a Statement of Disputed Facts in response (Dkt. 601).

2

Case No. 8:12-CV-1837-T-17MAP

Bridgeview Bank Group is the Illinois bank where Smith Advertising and Associates ("SAA") had checking accounts; Account *8201 is the checking account involved in this case. In general, after R1A, TNE, MKI and BNK agreed to enter into "investments"/short term loans to SAA, SAA would send checks to those entities, which represented interest, incentives, and return of principal. Counterclaim/Crossclaim Plaintiff Kaplan deposited checks from SAA into checking accounts of R1A, TNE, MKI and BNK at Regions Bank. Kaplan, on behalf of the Kaplan Entities, wired funds from Regions Bank to SAA's account at BBG to participate in ongoing "deals."

The "Refer to Maker" ("RTM") claims against BBG arise from BBG's dishonor of SAA checks drawn on BBG. (Dkt. 542, pars. 79(a)-(ff)).

II. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S.

Case No. 8:12-CV-1837-T-17MAP

242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences
are resolved in favor of the non-movant.  See Fitzpatrick v. City of Atlanta, 2 F.3d 1112,
1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable
jury could return a verdict for the non-moving party."  See Anderson, 477 U.S. at 248.
But, "[i]f the evidence is merely colorable...or is not significantly probative...summary
judgment may be granted."  Id. at 249-50.

III.  Discussion

Counterclaim/Crossclaim Defendant BBG moves for summary judgment against
Crossclaim/Counterclaim Defendants Marvin I. Kaplan, R1A, TNE, MKI and BNK as a
matter of law.

A.  "Refer to Maker" Counts

1.      Count XIII      Breach of U.C.C. Sec. 4-302(A)
        Count XV       Breach of 12 C.F.R. Part 229

Defendant Kaplan argues that "Refer to Maker" is not a reason for return, and
BBG's use of RTM was inappropriate under the circumstances of this case.

In ruling on Counterclaim/Crossclaim Plaintiffs' Motion for Summary Judgment
(Dkt. 553), the Court determined that RTM is a reason for return, and there is no
material factual dispute as to whether BBG's use of RTM was appropriate under the
circumstances.

The Court incorporates that ruling herein, and **grants** BBG's Motion for
Summary Judgment on the RTM Counts, Count XIII and Count XV.

4

Case No. 8:12-CV-1837-T-17MAP

2.     Count XVII    Negligence

In Count XVII, Counterclaim/Crossclaim Plaintiffs allege that BBG was negligent in failing to return items with a proper designation in a timely manner.

In the Order on Counterclaim/Crossclaim Plaintiffs' Motion for Summary Judgment, the Court has determined that BBG properly returned items, and all items were returned in accord with the midnight deadline.  The Court has incorporated that ruling herein.

This claim is directed to the same conduct asserted in the statutory claims.  The Court finds that the common law claim for negligence is displaced by the U.C.C.  The Court therefore **grants** Counterclaim/Crossclaim Defendant BBG's Motion for Summary Judgment as to Count XVII.

3.     Count XIX    Fraud

In Count XIX, Counterclaim/Crossclaim Plaintiffs allege that BBG intentionally and fraudulently induced them to wire additional funds to its accounts, in an attempt to avoid losses associated with a check-kiting or Ponzi scheme.  Counterclaim/Crossclaim Plaintiffs allege that the fraudulent misrepresentations or omissions consist of the improper use of the RTM designation.  Counterclaim/Crossclaim Plaintiffs allege that BBG intentionally and knowingly misrepresented the reason for the return of the First and Second Set of Checks and/or wrongfully returned the First and Second Set of Checks in an effort to induce Counterclaim/Crossclaim Plaintiffs to delay taking action.

In ruling on Counterclaim/Crossclaim Plaintiffs Motion for Summary Judgment, the Court has determined that RTM is a valid reason for return, that the use of RTM was appropriate under the circumstances of this case,  and the First and Second Set of

Case No. 8:12-CV-1837-T-17MAP

Checks were returned in accordance with the midnight deadline. The Court has incorporated that ruling in this Order.

This claim is directed to the same conduct asserted in the statutory claims. The Court finds that this common law claim is displaced by the U.C.C. claims asserted. For that reason, the Court **grants** the Motion for Summary Judgment as to this claim.

4.      Count XX      Negligent Misrepresentation

In ruling on Counterclaim/Crossclaim Plaintiffs Motion for Summary Judgment, the Court has determined that RTM is a valid reason for return, that the use of RTM was appropriate under the circumstances of this case,  and the First and Second Set of Checks were returned in accordance with the midnight deadline. The Court has incorporated that ruling in this Order.

This claim is directed to the same conduct asserted in the statutory claims. The Court finds that this common law claim is displaced by the U.C.C. claims asserted. For that reason, the Court **grants** the Motion for Summary Judgment as to this claim.

B. Count II      Conspiracy to Defraud

BBG moves for summary judgment in favor of BBG based on the complete absence of evidence that BBG had actual knowledge of the Smith-SAA Ponzi scheme. (Dkt. 542, pars. 9-17; Dkts. 541-15, 541-28). See Wiand v. Wells Fargo Bank, N.A., 86 F.Supp.3d 1316, 1329-31 (M.D. Fla. 2015)(bank entitled to summary judgment on good faith issue for fraudulent transfer claim; no actual knowledge of Ponzi scheme in providing routine bank services and no duty to investigate).

6

Case No. 8:12-CV-1837-T-17MAP

BBG further argues that BBG rendered only routine banking services as to Account *8201. (Dkt. 542, pars. 18-31). BBG would routinely (although not always) charge an overdraft fee when SAA provisionally overdrew Account *8201; BBG's overdraft fee is within industry standard. (Dkt. 541-32, Garces Rebuttal Report June 15, 2015.) Counterclaim/Crossclaim Plaintiffs' Expert Koontz admits that BBG's check processing did not violate any industry standard.

Counterclaim/Crossclaim Plaintiffs respond that there are material issues of fact as to whether there was an BBG agreed to further the Ponzi scheme: 1) the "high risk practice of allowing continuous negative balances in the SAA accounts for long periods of time"; 2) BBG's sudden decision to close the SAA account and subsequent delay in closing the account until January 24th. Counterclaim/Crossclaim Plaintiffs argue that the inferences to be drawn point to an active and long term partnership with SAA. (Dkt. 540, 541).

Counterclaim/Crossclaim Plaintiffs Kaplan, R1A, TNE, MKI and BNK request that the Court deny BBG's Motion for Summary Judgment and grant judgment in favor of Counterclaim/Crossclaim Plaintiffs.

In deposition, Defendant Kaplan admits that he never spoke to anyone from BBG, and the only conduct of BBG involved check processing.

There is no evidence that BBG had actual knowledge of the SAA/Smith Ponzi scheme or any other fraud scheme. There is no evidence that BBG provided anything other than routine check processing for SAA's checking account.

After consideration, the Court **grants** the Motion for Summary Judgment as to the conspiracy claim. Accordingly, it is

7

Case No. 8:12-CV-1837-T-17MAP

**ORDERED** that the Motion for Summary Judgment (Dkt. 544) is **granted** as to the following:

| | |
|---|---|
| Count II | Conspiracy to Defraud |
| Count XIII | Breach of U.C.C. Sec. 4-302(A) |
| Count XV | Breach of 12 C.F.R. Part 229 |
| Count XVII | Negligence |
| Count XIX | Fraud |
| Count XX | Negligent Misrepresentation |

**DONE and ORDERED** in Chambers in Tampa, Florida on this 18th day of April, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

8