UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

        Plaintiff,

v.                            CASE NO.  8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, et al.,

        Defendants.

_____

MARVIN I. KAPLAN, etc., et al.,

        Counterclaim/Crossclaim
        Plaintiffs,

v.

REGIONS BANK, etc., et al.,

        Counterclaim/Crossclaim
        Defendants.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 538 | Notice of Filing Documents in Support (Bank Parties) |
| Dkt. 539 | Sealed Exhibits in Support of Joint Statement of Undisputed Facts |
| Dkt. 540 | Notice of Filing Deposition Transcripts and Exhibits in Support of Joint Statement of Undisputed Facts (Bank Parties) |
| Dkt. 541 | Notice of Filing Affidavits, Declarations and Exhibits in Support of Joint Statement of Undisputed Facts (Bank Parties) |
| Dkt. 542 | Joint Statement of Undisputed Facts (Bank Parties) |
| Dkt. 546 | Motion for Summary Judgment (Wells Fargo Bank, N.A.) |

Case No. 8:12-CV-1837-T-17MAP

| | |
|---|---|
| Dkt. 582 | Sealed Exhibits (Bank Parties) |
| Dkt. 583 | Notice of Filing (Kaplan Parties) |
| Dkt. 584 | Statement of Undisputed Facts re Dkt. 542 (Kaplan Parties) |
| Dkt. 588 | Response in Opposition (Kaplan Parties) |
| Dkt. 601 | Corrected Statement of Undisputed Facts in Opposition to Bank Parties Joint Statement of Undisputed Facts (Kaplan Parties) |
| Dkt. 596 | Sealed Exhibits (Kaplan Parties) |
| Dkt. 597 | Sealed Exhibits (Kaplan Parties) |
| Dkt. 598 | Sealed Exhibits (Kaplan Parties) |

Counterclaim/Crossclaim Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves for summary judgment against Counterclaim/Crossclaim Plaintiffs Marvin Kaplan, R1A Palms, LLC ("R1A"), Triple Net Exchange, LLC ("TNE"), MK Investing, LLC ("MKI") and BNK Smith, LLC ("BNK") on claims asserted in the Amended Counterclaim/Crossclaim (Dkt. 93):

| | |
|---|---|
| Count XIV | Breach of U.C.C. Sec. 4-302(A) |
| Count XVI | Breach of 12 C.F.R. Part 229 |
| Count XVIII | Negligence |

I. Background

The material recited facts are drawn from the Parties' Statements of Facts and other record evidence; the facts are either undisputed or taken in the light most favorable to Counterclaim/Crossclaim Plaintiffs. The Bank Parties' Statement of Undisputed Facts identifies the facts which apply to the respective Motion for Summary Judgment of each Party (Regions Bank, Bridgeview Bank Group, Wells Fargo Bank, N.A.). As to this Motion, the Court notes pars. 1-8, 32, 37-74, 80 (a)-(ee), 81-95. Kaplan Parties have filed a Statement of Disputed Facts in response (Dkt. 601).

Case No. 8:12-CV-1837-T-17MAP

Smith Advertising and Associates ("SAA) maintained a checking account at Wells Fargo (Account No. xxxx-xxxx-3952). On January 26, 2012, Defendant Kaplan deposited 21 checks (WFB Replacement Checks) drawn by SAA on the SAA  WFB Account to accounts of R1A, TNE, MKI and BNK at Regions Bank. These checks totaled $10,550,000, and were replacement checks for checks drawn by SAA on the SAA BBG Account, which BBG had dishonored. The purpose of the WFB Replacement Checks was to repay Regions Bank for the overdrafts in the accounts of R1A, TNE, MKI and BNK.   Regions Bank placed a hold on these funds.

Regions Bank contacted Wells Fargo to indicate that checks of more than $10 million drawn on the SAA WFB Account were deposited, and that Defendant Kaplan was depositing checks drawn on SAA's Account with BBG which had been returned "Refer to Maker." Regions Bank provided Wells Fargo with copies of the checks. Upon receiving copies of the WFB Replacement Checks, Wells Fargo investigated the activity in the SAA WFB Account, which showed a balance of $11,301.53. Wells Fargo placed a debit restriction on the SAA WFB Account.

Regions presented the WFB Replacement Checks for payment on January 26, 2012. When the checks were presented for payment, WFB's return and processing system flagged them, and sent the checks for manual review and processing consistent with the debit restraint. The first WFB Replacement Check was returned "NSF" and the remaining WFB Replacement Checks were returned "Refer to Maker."

II. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Case No. 8:12-CV-1837-T-17MAP

> The plain language of Rule 56(c) mandates the entry of
> summary judgment after adequate time for discovery and
> upon motion, against a party who fails to make a showing
> sufficient to establish the existence of an element essential
> to that party's case, and on which that party will bear the
> burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant.  See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted."  Id. at 249-50.

III. Discussion

Counterclaim/Crossclaim Plaintiffs cross-moved for summary judgment as to Count XIV and Count XVI.  The Court adopts and incorporates that facts and analysis of that Order, which is attached as Exhibit 1.

Count XIV     Breach of UCC-4-302(A)

The bank records show that all the Checks at issue were timely returned.  The Court has already determined that RTM is a return designation.  The Federal Reserve Bank accepts RTM as a reason for return.  There is no material factual dispute as to whether the use of RTM was appropriate in this case.

After consideration, the Court grants the Motion for Summary Judgment in favor

4

Case No. 8:12-CV-1837-T-17MAP

of Wells Fargo Bank, N.A. as to Count XIV.


Count XVI     Breach of 12 C.F.R. Part 229


WFB argues that WFB timely returned the WFB Replacement Checks in accord with U.C.C. Secs. 4-301, 4-104 and 4-302 because the checks were returned prior to WFB's midnight deadline, (Dkt. 541-43, Carrubba Aff., par. 11; Dkt. 541-44, Carrubba Report, pp. 3-4), and timely returned the WFB Replacement Checks in compliance with Reg. CC, 12 C.F.R. Sec. 229.30. (Dkt. 541-43, Carrubba Aff., par. 12; Dkt. 541-44, Carrubba Report, p. 4).

There is no material factual dispute as to whether the WFB Replacement checks, were returned in accordance with 12 C.F.R. Sec. 229.30(a)(1).

After consideration, the Court grants the Motion for Summary Judgment in favor or Wells Fargo Bank, N.A. as to Count XVI.


Count XVIII   Negligence


Counterclaim/Crossclaim Plaintiffs assert this negligence per se claim as an alternative to the statutory claims in Count XVI and XIV.  Counterclaim/Crossclaim Plaintiffs allege that Counterclaim/Crossclaim Defendant WFB was negligent in failing to return the items with the proper return designation in a timely manner, that Counterclaim/Crossclaim Defendant WFB had a duty to provide a proper return designation, that Counterclaim/Crossclaim Defendant WFB breached that duty, and proximately caused damages to  Counterclaim/Crossclaim Plaintiffs R1A, TNE, MKI and BNK.

Counterclaim/Crossclaim Defendant Wells Fargo Bank, N.A., moves for

Case No. 8:12-CV-1837-T-17MAP

summary judgment as to the negligence per se claim.  WFB argues that this claim is preempted by
the U.C.C. and Reg. CC.   WFB further argues that Counterclaim/Crossclaim Plaintiffs have offered no evidence to establish that WFB was negligent in its timing or return of the WFB Replacement Checks.

The Court has determined that WFB acted in compliance with the U.C.C. and Reg. CC in the return of the WFB Replacement Checks.

After consideration, the Court grants the Motion for Summary Judgment as to Count
XVIII.  Accordingly, it is

ORDERED that the Motion for Summary Judgment of Wells Fargo Bank, N.A. is granted as to Counts XIV, XVI, and XVIII.

**DONE and ORDERED** in Chambers in Tampa, Florida on this _18th_ day of April, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record