UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, an Alabama banking corporation,

    Plaintiff,

vs.                                                          8:12-cv-01837-EAK-MAP

MARVIN I. KAPLAN, an individual; *et al.*,

    Defendants.
_____/

**MOTION FOR CLARIFICATION**

    Defendants/Counter-Claimants/Cross-Claimants Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC, ("Kaplan" or "Kaplan Parties") by and through undersigned counsel, hereby submit this Motion for Clarification on the Court's recent Order Granting in Part and Denying in Part the Motion for Summary Judgment of Kaplan Parties [Dkt. #654], and in support thereof, states as follows:

    1.     This Court issued its ruling on Kaplan Parties' Motion for Summary Judgment on April 18, 2016. The Kaplan Parties moved for Summary Judgment on Count XXXII, Civil Conspiracy, of Regions Bank's Complaint within their Motion, to which Regions Bank opposed. See [Dkts. # 553, 576]. After reviewing the Court's recent ruling, it does not appear that Count XXXII was included. Therefore, the Kaplan Parties request that the Court issue a ruling on this remaining claim.[1]

    2.     The Court granted summary judgment in favor of the Kaplan Parties on Regions Bank's claims for conversion, and in favor of Marvin Kaplan on aiding and abetting conversion (Count XXX). However the Court denied summary judgment on the aiding and abetting claims

---

[1] Regions Bank joins the Kaplan Parties in requesting this relief.

1

against TNE, BNK, MKI, and R1A. The Counts for aiding and abetting (Counts VII, XIV, XXI, and XXVIII), all plead aiding and abetting conversion. For instance, paragraphs 84, 125, 166, 167, and 208 of Regions' Second Amended Complaint [Dkt. #190] state:

> 84. In orchestrating the outgoing wires from the R1A Account, including utilizing internal transfers from the TNE and BNK Accounts, in exchange for SAA checks, R1A had actual knowledge of the other Kaplan Entities' and Kaplan's wrongdoing and conversion of Regions funds and rendered substantial assistance to the conversion.
>
> 125. In transferring funds from the TNE Account to the R1A Account, in exchange for SAA checks, TNE had actual knowledge of the other Kaplan Entities' and Kaplan's wrongdoing and conversion of Regions' funds and rendered substantial assistance to the conversion.
>
> 166. During the kiting period, MKI accepted one or more internal transfers from R1A to assist in consummating the wires-for-SAA check exchanges for the Kaplan Parties.
>
> 167. MKI had actual knowledge of the other Kaplan Entities' and Kaplan's wrongdoing and conversion of Regions' funds and rendered substantial assistance to the conversion.
>
> 208. In transferring funds from the BNK Account to the R1A Account, in exchange for SAA checks, BNK had actual knowledge of the other Kaplan Entities' and Kaplan's wrongdoing and conversion of Regions' funds and rendered substantial assistance to the conversion.

3. The Kaplan Parties believe that Regions' aiding and abetting claims plead that each Entity rendered substantial assistance to the conversion, which has in turn been disposed of by the Court's rulings on the individual conversion claims. Therefore, the Kaplan Parties request that the Court issue clarification on what issues remain to be decided on the aiding and abetting claims, since the only specifically pled underlying tort in these claims appears to be conversion.[2]

4. The Kaplan Parties do not consent to trial on issues or claims that are not specifically pled.

### Rule 3.01(g) Certification

Counsel for the Kaplan Parties certifies that he conferred in good faith with counsel of all remaining parties on the relief requested herein. Regions Bank agrees to and joins the Motion with respect to clarification on Count XXXII, Civil Conspiracy, but opposes the remaining relief sought with respect to the aiding and abetting claims.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record identified on the below Service List.

/s/Jonathan M. Weirich, Esq.
Jon D. Parrish, Esq.
Florida Bar No. 984329
Jonathan M. Weirich, Esq.
Florida Bar No. 118961
Parrish, White & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
Ph 239/566-2013; Fax 239/566-9561
ply@napleslaw.us
karlaschooley@napleslaw.us
carimeharper@napleslaw.us

---

[2] Regions Bank does not join in this requested relief and opposes it.

3

## SERVICE LIST

David S. Garbett, Esq.
Joseph D. Perkins, Esq.
Garbett, Stiphany, Allen & Roza, P.A.
Brickell Bay View Centre - Suite 3100
80 S.W. 8th Street
Miami-Dade County, Florida 33130
Ph   305/536-8861
Fax  305/579-4722
dgarbett@gsarlaw.com
jperkins@gsarlaw.com
erinmiller@gsarlaw.com
*Attorneys for Regions Bank*

Michael B. Colgan, Esq.
Glenn Rasmussen, P.A.
100 S. Ashley Drive, Suite 1300
Tampa, FL 33602
Ph   813/229-3333
Fax 813/229-5946
mcolgan@glennrasmussen.com
*Counsel for Florida Bankers Association*

A. Brian Albritton, Esq.
Jason Paul Stearns, Esq.
Phelps Dunbar, LLP
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
Ph   813/472-7550
Fax 813/472-7570
brian.albritton@phelps.com
stearnsj@phelps.com
april.hackelton@phelps.com
Claudia.kitchell@phelps.com
*Attorneys for Larry Starr*

Jason M. Ellison, Esq.
William G. Lazenby, Esq.
Brittney P. Baker, Esq.
Ellison and Lazenby, PLLC
200 Central Ave., 20th Floor
St. Petersburg, Florida 33701
Ph 727/362-6151
Fax 727/362-6131
jellison@elattorneys.com
wlazenby@elattorneys.com
bbaker@elattorneys.com
admin@elattorneys.com
*Attorneys for Bridgeview Bank Group*

Mark J. Ragusa, Esq.
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 2400
Tampa, Florida 33602
Ph 813/222-6619
Fax 813/314-6919
mragusa@gunster.com
tkennedy@gunster.com
*Attorneys for Wells Fargo*

/s/Jonathan M. Weirich, Esq.