Case 8:12-cv-01837-EAK-MAP   Document 699   Filed 04/29/16   Page 1 of 4 PageID 11513

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

      Plaintiff,

v.                               CASE NO.  8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, et al.,

      Defendants.

_____/

## ORDER

This cause is before the Court on:

Dkt. 689    Non-Party Brenda Tamm's Emergency Motion to Quash Subpoena or, Alternatively, For Protective Order
Dkt. 697    Response in Opposition

Non-party Brenda Tamm moves to quash the trial subpoena requiring her attendance on May 2, 2016 at 10:00 a.m., because she is scheduled to be out of the country from May 1 through May 7, 2016 for a work trip, for which non-refundable airline tickets have been purchased. Non-party Brenda Tamm moves to quash the trial subpoena based on undue burden and expense, and award attorney's fees and costs to her counsel, pursuant to Fed. R. Civ. P. 45(d).

Ms. Tamm argues that she is not a necessary witness because she has no personal knowledge of whether Defendants knowingly kited funds between the SAA Account and Defendants' Accounts.

Defendants have subpoenaed Non-party Brenda Tamm to appear at the trial scheduled to commence on May 2, 2016, and argue that Ms. Tamm is a critical witness

Case No, 8:12-CV-1837-T-17MAP

to Defendants' defense such that without Ms. Tamm's testimony, Defendants will be unduly prejudiced. Defendants argue that Defendants informed Ms. Tamm's Counsel during the week of April 18 that Defendants were evaluating the need for Ms. Tamm's appearance at trial.

Defendants argue that Ms. Tamm's testimony is critical to Defendants' defense because Ms. Tamm was actively involved in tracking the incoming and outgoing wires and checks associated with the deals, handled deposits on occasion to Regions, was copied on communications from the Smiths and has knowledge of Defendant Kaplan's interactions with the Smiths and the deals, as well as knowledge of other investors who were harmed by Smith's fraudulent scheme. Defendants argue that Ms. Tamm's experience in working with Defendant Kaplan and her knowledge of the events in the years and days leading to the events of the lawsuit are necessary and critical to help establish that Defendants were defrauded investors and victims, and nothing more.

Defendants further argue that Ms. Tamm was made aware of the need for appearance at trial based on Defendants' pretrial disclosures and pretrial statement, that Ms. Tamm's counsel could have filed a motion for protective order when Ms. Tamm was subpoenaed, and that quashing the trial subpoena and an award of attorney's fees pursuant to Fed. R. Civ. P. 45(d) is unwarranted.

Based on the deposition testimony within in the record, Ms. Tamm has some knowledge of deals in which Defendants and others participated via the records that Ms. Tamm kept within the scope of her employment in 2009 and 2010. Ms. Tamm made some investments for her own benefit, and Ms. Tamm kept records to assist Defendants, as well as Starr and four other friends/associates, in making timely renewals of the deals.

Case No, 8:12-CV-1837-T-17MAP

Defendant Kaplan testified that, on a rare occasion, Ms. Tamm made a deposit of SAA checks into Defendants' accounts at Regions Bank.

Defendant Starr denied any knowledge that Ms. Tamm kept track of Defendants' investments with SAA.

The pending claims that will be tried include Regions' claims of fraudulent concealment, aiding and abetting and civil conspiracy against Defendants Kaplan, R1A, TNE, MKI and BNK. The claims at trial are focused on a relatively brief period of time during which Defendants participated in "bundled deals," after Defendants opened accounts at Regions, from September, 2011, through January, 2012.

The Court notes that Non-Party Witness Tamm has been deposed. The context of Ms. Tamm's knowledge of Defendants' activities with SAA/Smiths primarily involves keeping track of due dates for "deals" so Defendants and others could decide whether to continue to participate in other "deals" that were offered. Non-refundable airline tickets have been purchased for the scheduled business trip of Non-Party Witness Tamm.

The trial scheduled during the week of May 2, 2016 is a bench trial. The Court can take witnesses out of order when necessary to accommodate other obligations. After consideration, the Court denies the Emergency Motion to Quash Trial Subpoena without prejudice, and instead modifies the trial subpoena. Non-Party Witness Tamm is excused from appearing at trial during the week of May 2, 2016. At the conclusion of the trial, Defendants may evaluate whether the testimony is critical such that there is a need to take Ms. Tamm's testimony after Ms. Tamm's return from the trip, and the Court will schedule a time during the following week, May 9 through 13, 2016, to take any necessary testimony. Ms. Tamm will be required to comply with the trial subpoena if necessary during that time. Accordingly, it is

Case No. 8:12-CV-1837-T-17MAP

**ORDERED** that Non-Party Brenda Tamm's Emergency Motion to Quash Subpoena (Dkt. 689) is **denied without prejudice**; at the conclusion of the trial, Defendants shall evaluate whether the testimony is critical and, if so, the Court will schedule a time during the following week, May 9 through 13, 2016 to take any necessary testimony. The trial subpoena is **modified** to require attendance of Non-Party Brenda Tamm at a time to be scheduled between May 9 and May 13, 2016, if necessary.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 29th day of April, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record