UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

      Plaintiff,

v.   CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, etc.,
et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 628 | Omnibus Motion in Limine |
| Dkt. 660 | Response |
| Dkt. 653 | Motion in Limine For Untimely Disclosed Witnesses |
| Dkt. 665 | Response |
| Dkt. 664 | Motion in Limine as to Newly Disclosed Witnesses |

Plaintiff Regions Bank has moved for relief excluding witnesses and limiting the presentation of evidence on various issues specifically addressed below.

Defendants have responded to Plaintiff's Motions.

I. Standard of Review

Trial judges are authorized to rule on motions in limine pursuant to the authority to manage trials, Luce v. U.S., 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), and judges have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir.2002). Limine rulings are provisional rulings and the trial judge may reverse the decision during the course of a trial. Ohler v.

Case No. 8:12-CV-1837-T-17MAP

U.S., 529 U.S. 753, 758 n. 3, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000). The real purpose of a motion In limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. Stewart v. Hooter's of America, Inc., 2007 WL 1752873 *1 (M.D. Fla. June 18, 2007). A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Id. (citing Luce, 469 U.S. at 41 (holding federal district courts have authority to make in limine rulings pursuant to their authority to manage trials)).

The Court excludes evidence on a motion in limine only if the evidence is clearly inadmissible for any purpose. Stewart, 2007 WL 1752873 at *1 (citing Hawthorne Partners v. AT & T Technologies, Inc., 831 F.Supp. 1398, 1400 (N.D. Ill.1993)). Motions in limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Id. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context Id. at 1401. Denial of a motion In limine does not insure evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. United States v. Connelly, 874 F.2d 412, 416 (7th Cir.1989). The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion In limine. Id. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling". Hawthorne Partners v. AT & T Technologies, Inc., 831 F.Supp. 1398, 1400-1401 (N.D. Ill.1993).

II. Discussion

A. Omnibus Motion in Limine

2

Case No. 8:12-CV-1837-T-17MAP

1. SAR Reports or related documents/communications

Defendants agree that the Motion in Limine should be granted as to SAR reports, but argue the Motion in Limine should be denied as to the underlying documents/communications.

After consideration, the Court **grants** the Motion in Limine in part as to any SAR report, any document that refers to a SAR having been filed, or refers to information as being part of a SAR, or otherwise reveals the preparation or filing of a SAR.

2. Affidavit of U.S. Special Agent and Criminal Complaint against SAA's Principals

Defendants argue that the Motion in Limine should be denied, as Plaintiff Regions has not established that the Affidavit is clearly inadmissible for any purpose. It is not clear to the Court in what context Defendants will offer the Criminal Complaint; the Court therefore **denies** the Motion in Limine without prejudice. As to the Affidavit, the Court **denies** the Motion in Limine without prejudice, and will take a proffer at trial.

3. Evidence that Regions was negligent in providing availability on SAA Checks before clearance, that employees were terminated, or Regions breached an oral agreement to wire out only cleared funds

Defendants do not object to the Motion in Limine as to evidence of the alleged negligence of Plaintiff Regions, with the reservation that provisional credit and Defendant Kaplan's lack of understanding of Regions' policies on extending credit are directly relevant to his conversations with Regions' employees and Defendant Kaplan's lack of knowledge as to check kiting or the funds available in the SAA Account.

Case No. 8:12-CV-1837-T-17MAP

The Court granted Regions' Motion for Summary Judgment on the Negligence/Negligent Misrepresentation claim in the Amended Counterclaims/Crossclaims. The Court **grants** the Motion in Limine as to evidence of alleged negligence of Plaintiff Regions Bank.

As to employees that were terminated, Defendants do not object to the Motion in Limine, with the reservation that Defendants intend to call Regions' employees who were terminated to testify regarding their interactions with Defendant Kaplan while working for Plaintiff Regions.

After consideration, the Court **grants** the Motion in Limine in part; the Motion in Limine is **denied** as to testimony of former employees of Regions Bank as to their testimony regarding their interactions with Defendant Kaplan while they worked for Regions.

As to the alleged oral agreement to wire out only cleared funds, Defendants argue that Defendants intend to elicit testimony regarding Defendant Kaplan's instructions and the understandings of Regions' employees, to wire only cleared funds from Defendants' Accounts. Defendants argue that this is material and directly relevant to Defendant Kaplan's knowledge and state of mind while participating in what Defendant Kaplan allegedly thought were honest investment deals.

The applicable Wire Transfer Agreement requires a written instruction to be effective. It is undisputed that Defendant Kaplan did not include any written special instructions, and did not inquire at the time of the wire transfers whether the payment orders were only on cleared funds.

The Deposit Agreement for Defendants' Accounts required special instructions in writing to accompany items that Regions processed.

Case No. 8:12-CV-1837-T-17MAP

After consideration, the Court **denies** the Motion in Limine without prejudice as to this issue; objections may be raised at trial, and the Court will hear argument when an objection is raised.

4.  Evidence of Proposed Rule Changes on use of RTM

    Defendants agree that this issue is moot.

    After consideration, the Court **denies** the Motion in limine as moot as to this issue.

5.  Evidence of what BBG "should have known."

    Defendants agree that this issue is moot.

    After consideration, the Court **denies** the Motion in Limine as moot as to this issue.

6.  Evidence of BBG's internal deadlines for pay/return decisions on SAA Checks

    Defendants agree that this issue is moot.

    After consideration, the Court **denies** the Motion in Limine as moot as to this issue.

7.  Evidence of Kaplan Entities' alleged damages

    Defendants argue that the Motion in Limine should be denied as to this issue.

Case No. 8:12-CV-1837-T-17MAP

It is unclear to the Court in what context Defendants will raise the issue of Defendants' alleged losses.

After consideration, the Court **denies** the Motion in Limine as to this issue.

8. Evidence or argument relating to unpled legal theories

Defendants agree that the Motion in Limine should be granted as to this issue.

The Court has determined that the aiding and abetting claims are based on fraudulent concealment as well as conversion.

After consideration, the Court **grants** the Motion in Limine as to this issue.


II. Dkt. 653    Motion in Limine for Untimely Disclosed Witnesses
    Dkt. 664    Motion in Limine As To Newly Disclosed Witnesses

Plaintiff Regions moves to exclude the following witnesses:

Michael Gallatin
Matthew Schulz
Walter Schulz
Chandler Sweetser
Ricardo Ruiz Del Vizo
Charles Palmer
Stanley Browne
M. Anthony Magos
Thomas Baugher

Plaintiff Regions argues that the above witnesses were not listed in Defendants' Rule 26 disclosures, and, aside from Michael Gallatin, were not disclosed as trial witnesses at least 30 days before trial as required by Fed. R. Civ. P. 26(a)(3)(B).

Case No. 8:12-CV-1837-T-17MAP

Plaintiff Regions argues that there was no disclosure, there is no substantial justification for late disclosure, and there is harm to Regions. Plaintiff Regions argues that none of the witnesses have been deposed, and Regions cannot effectively cross-examine the witnesses to determine the extent of their involvement with Defendants, and how their involvement relates to or does not relate to the transactions at issue.

Plaintiff Regions seeks disclosure of all witnesses except Michael Gallatin.

In the additional Motion in Limine, Plaintiff Regions argues that the testimony of the above witnesses is not relevant to the issues between Regions and Defendants, which are limited to a check-kiting scheme. Regions argues that Regions does not contend that Defendants knew they were involved in a Ponzi scheme, and the Ponzi scheme is not relevant to Regions' tort claims; the other victims' stories about how they were defrauded by SAA are not germane to the issues before the Court.

Defendants respond that the failure to include the witnesses by name on Defendants' disclosures was a harmless inadvertence, and striking the witnesses will not serve the ends of justice. Defendants argue that the witnesses will substantially assist the Court in determining the remaining issues of fact, which are almost exclusively Defendant Kaplan's knowledge and intent at the time of the First and Second Deals. Defendants argue that the testimony of these witnesses substantially outweighs the prejudice to Plaintiff Regions.

After consideration, the Court **grants** the Motions to Exclude as to all the witnesses listed, aside from Michael Gallatin, based on the prejudice to Regions due to no opportunity to depose these witnesses in advance. Accordingly, it is

**ORDERED** that the Omnibus Motion in Limine is **granted in part and denied in part,** as stated above. The Motion in Limine for Untimely Disclosed Witnesses is

Case No. 8:12-CV-1837-T-17MAP

**granted** as to all witnesses except for Michael Gallatin. The Motion in Limine as to Newly Disclosed Witnesses is **denied as moot.**

    **DONE and ORDERED** in Chambers in Tampa, Florida on this 29th day of April, 2016.

                              ELIZABETH A. KOVACHEVICH
                              United States District Judge

Copies to:
All parties and counsel of record