UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

        Plaintiff,

v.                               CASE NO.  8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, etc.,
et al.,

        Defendants.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 694 | Order |
| Dkt. 695 | Objections |
| Dkt. 696 | Motion to Stay |
| Dkt. 706 | Opposition to Objections and Motion to Stay |

Defendants Marvin I. Kaplan, R1A Palms, LLC ("R1A"), Triple Net Exchange, LLC ("TNE"), MK Investing, LLC ("MKI") and BNK Smith, LLC ("BNK") have submitted Objections to the Order granting Regions' Renewed Motion to Compel Financial Net Worth Discovery Against Kaplan Parties (Dkt. 694), pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. Sec. 636, and L.R. 6.02(a).

Plaintiff Regions Bank has filed its Opposition to Objections.

In the Order (Dkt. 694), the assigned Magistrate Judge noted that the only issue remaining for disposition was production of tax returns from 2012 to the present.  The assigned Magistrate Judge found that the joint tax records are relevant to the punitive

Case No. 8:12-CV-1837-T-17MAP

damages issue, and that this limited information is not a heavy burden on the Kaplan

Parties.  The assigned Magistrate Judge further found that the Kaplan Parties have no

standing to assert the legal rights of Kathryn A. Kaplan, that if Mrs. Kaplan had made

an objection, the records fall within the scope of Rule 26(b)(1), and there is a protective

order in place.  The Order grants the Motion to Compel (Dkt.675) and directs the

Kaplan Parties to produce tax returns from 2012 to the present.


I. Standard of Review

According to Federal Rule of Civil Procedure 72(a):

> When a pretrial matter not dispositive of a party's claim or defense is
> referred to a magistrate judge to hear and decide, the magistrate judge
> must promptly conduct the required proceedings, and, when appropriate,
> issue a written order stating the decision.  A party may serve and file
> objections to the order within 14 days after being served with a copy.  A
> party may not assign as error a defect in the order not timely objected to.
> The district judge in the case must consider timely objections and modify
> or set aside any part of the order that is clearly erroneous or contrary to
> law.

The "clearly erroneous or contrary to law" standard of review is extremely deferential.

Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005).

A finding is "clearly erroneous" when although there is evidence to support it the

reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed.   United States v. U.S. Gypsum Co., 333 U.S. 364, 395

(1948).   Where there are two permissible views of the evidence, the factfinder's choice

between them cannot be clearly erroneous.


An order is contrary to law "when it fails to apply or misapplies relevant statutes,

case law or rules of procedure."  Pigott v. Sanibel Dev., LLC, 2008 WL 2937804 at *5

(S.D. Ala. July 23, 2008).  Further, a magistrate judge is afforded broad discretion in

2

Case No. 8:12-CV-1837-T-17MAP

issuing nondispositive pretrial orders related to discovery.  See Tracy P. v. Sarasota
Cnty., 2007 WL 1364381 at *2 (M.D. Fla. May 9, 2007); L.R. 6.01(c)(18).

II. Discussion

In the Objections, Defendants raise the same issues that Defendants asserted in
objecting to the Motion to Compel.  Defendants objected to the production of Defendant
Marvin Kaplan's tax returns, which Defendant Kaplan filed jointly with Kathryn A.
Kaplan, who is not a party to this action, on the basis of relevance.   Defendants further
object that the assigned Magistrate Judge ordered production of the joint tax returns
without an evidentiary hearing or a showing of how the records are relevant in the
pending action.

In this case, Regions Bank seeks the award of punitive damages on the pending
tort claims.  A defendant's financial net worth become relevant once punitive damages
are sought.  "Where there is a claim for punitive damages, a defendant's financial
condition becomes relevant because the wealth of the defendant is a factor for
consideration in determining the reasonableness of a punitive damages award."  See
Shores of Panama Resort Community Ass'n, Inc. v. Halberthal 2015 WL 3466127 at *1
(N.D. Fla. June 1, 2015)(citing Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1216 (11th
Cir. 2010)).

The Eleventh Circuit Court of Appeals has held that "in civil cases, [the Court
has] not required a showing of compelling need before tax information may be obtained
by a party in discovery, but instead [has] determined that such information need be only
arguably relevant...[T]he federal standard for obtaining financial worth discovery is more
liberal than the State standard."  See Austrum v. Federal Cleaning Contractors, Inc.,
2015 WL 6555081 at *3 (S.D. Fla. Oct. 28, 2015)(citing Erenstein v. S.E.C., 316 Fed.
Appx. 865, 869-70 (11th Cir. 2008); Soliday v. 7-Eleven, Inc., 2010 WL 394671 (M.D.

3

Case No. 8:12-CV-1837-T-17MAP

Fla. Oct. 5, 2010)).

Defendants have not shown that the Order of the assigned Magistrate Judge is clearly erroneous or contrary to law.  The Court overrules Defendants' Objections, and directs to comply with the Order directing Defendant Kaplan to produce his personal tax returns from 2013 to date.  Defendant Kaplan's tax return for 2012 was already produced. (Dkt. S-539, Exh. 116).  Accordingly, it is

**ORDERED** that Defendants' Objections (Dkt. 695) are **overruled** and the Motion to Stay (Dkt. 696) is **denied** as moot.  Defendants **shall comply** with the Order (Dkt. 694) to produce tax returns by 5:00 p.m on Monday, May 9, 2016.

**DONE and ORDERED** in Chambers in Tampa, Florida on this _6_ day of May, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

4