UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

    Plaintiff,

v.                                    CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, etc.,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 707    Third Motion to Compel Financial Worth Discovery
Dkt. 731    Response

The Court heard oral argument on Regions' Third Motion to Compel Financial Worth Discovery on May 12, 2016.

The Court is conducting a bench trial on the pending tort claims in the Corrected Second Amended Complaint (Dkt. 671) against Defendants Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC. Regions is seeking the award of compensatory damages, plus costs, interest and punitive damages.

The term "relevancy" under Fed. R. Civ. P. 26 is construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Regions is seeking the award of punitive damages in the pending claims. The Court finds that Defendant Kaplan's financial net worth is

Case No. 8:12-CV-1837-T-17MAP

relevant. Where there is a claim for punitive damages, a defendant's financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive damage award. See Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1216 (11th Cir. 2010); Gottwald v. Producers Group I, LLC, 2013 WL 1776154 at *3 (S.D. Fla. April 25, 2013); Soliday v. 7-Eleven, Inc., 2013 WL 4537903 at *2 (M.D. Fla. Nov. 3, 2010).

The Court bears in mind that the purpose of an award of punitive damages is to further a State's legitimate interests in punishing unlawful conduct and deterring its repetition. See BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 568 (1996). The imposition of a punitive damage award is subject to constitutional limitations because the Due Process Clause of the Fourteenth Amendment prohibits a state from imposing a "grossly excessive" punishment on a tortfeasor. A punitive damage award is grossly excessive for constitutional purposes where the award is out of proportion to a defendant's net worth. Proportionality is assessed by determining whether the award bears some relationship to the defendant's ability to pay, and does not result in a defendant's bankruptcy or financial devastation.

The Court does not determine an award of punitive damages in a vacuum. The Court will make its determination, if any, in accordance with the guideposts identified in BMW of N.A., Inc., supra, and within the permissible constitutional limits. To do so, the Court will need to consider the evidence of Defendants' financial net worth.

After consideration the Court grants Plaintiff's Motion to Compel Financial Worth Discovery in part and denies it in part:

1. Tax Returns

Defendants have produced Defendant Kaplan's personal tax returns from 2013

2

Case No. 8:12-CV-1837-T-17MAP

to date. Defendants have produced the tax returns of R1A, TNE and BNK for 2014, and the tax returns for 2015 have not been prepared.

The Motion to Compel is denied as moot as to the requested tax returns.

2. Documents reflecting the Value of Defendant Kaplan's Interest in Entities Listed in KAP-REG_0000 3856

The Court grants the Motion to Compel as to these Documents, which include all responsive documents for the period 2012 to date reflecting the value of the financial interest held by Defendant Kaplan in these entities individually or TBE. The Documents include financial statements, tax returns, net worth statements, asset and liability disclosures any other documents of the entities bearing on the value of these entities, so that Defendant Kaplan's interest may be determined.

The Court notes that a protective order is in place in this case.

3. Documents Concerning Payments to R1A, TNE and BNK in 2015

These documents include all documents relating to the payment of $761,514.14 into these entities, including copies of checks, the originator of the income wire transfers, and documents explaining the nature of the underlying transaction.

The Court grants the Motion to Compel as to this issue.

4. Documents Concerning Payments from R1A, TNE and BNK to Kathryn Kaplan

These documents include all documents relating to these payments, and the underlying transactions for which the payments were made.

Case No. 8:12-CV-1837-T-17MAP

The Court grants the Motion to Compel as to this issue.

5. Missing Account Statements, Items and Underlying Documents

Regions is seeking the identity of the drawer of a check in the amount of $187,116.09 from Seaside Bank, a copy of the check, and the underlying documents for the transaction. If the payor was a Kaplan Entity, Regions also seeks account statements and items of the payor of the funds.

Regions seeks TNE account statements for its account at Seaside Bank prior to 2015. As to the deposited check in the amount of $18,600.00, Regions requests a copy of the check, documents which reveal the identity of the payor, and all documents associated with the underlying transaction. Regions further seeks all documents which reveal the sender of a wire transfer of $109,726.10 on October 9, 2015, and all documents associated with the underlying transaction.

The Court grants the Motion to Compel as to this issue. Accordingly, it is

**ORDERED** that the Motion to Compel Financial Worth Discovery is **granted in part and denied in part as moot. Defendants shall comply with this Order by making immediate disclosure of the requested financial worth discovery.**

Case No. 8:12-CV-1837-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 12th day of May, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record