UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

    Plaintiff,

v.                                                           CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, etc., et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 472 | Sealed Crossclaim Defendant Bridgeview Bank Group's Motion To Determine that Deposition Testimony of Marvin Kaplan is Not Privileged (Joined by Regions) |
| Dkt. 499 | Sealed Response (Kaplan Parties) |
| Dkt. 504 | Order |
| Dkt. 513 | Joinder in Objection (Regions) |
| Dkt. 515 | Sealed Crossclaim Defendant Bridgeview Bank Group's Objection to the Magistrate Judge's Order Determining Privilege Issue |
| Dkt. 523 | Sealed Response to Objection |

In this case, the assigned Magistrate Judge denied Bridgeview Bank Group's Motion to Determine That Deposition Testimony of Marvin Kaplan is Not Privileged (Dkt. 472), finding that Marvin Kaplan met his burden of establishing that his communication was for the purpose of primarily securing an opinion on law, legal services, or assistance in some legal proceeding, and was protected by attorney-client privilege. In making this finding, the assigned Magistrate Judge looked to Marvin Kaplan's deposition testimony that his initial meeting with Mr. Parrish was related to a deal for which he subsequently retained Mr. Parrish, his knowledge that Mr. Parrish was an

Case No. 8:12-CV-1837-T-17MAP

attorney, and that he was paying for time spent with Mr. Parrish in his capacity as a lawyer. The assigned Magistrate Judge further determined that Marvin Kaplan did not waive the attorney-client privilege.

Regions objects to the Order based on the record evidence, and requests that the Order be modified or set aside. Regions asserts that the record clearly established that Defendant Kaplan was not seeking legal advice from Mr. Parrish when Mr. Parrish offered business advice as to the SAA transactions. Regions asserts that the Order is clearly erroneous in finding that Defendant Kaplan was wrong about his own intentions and inadvertently identified that he was not seeking legal advice from Mr. Parrish, because there are no facts on which the assigned Magistrate Judge could rely to find that Defendant Kaplan was seeking or received legal advice.

I. Standard of Review

According to Federal Rule of Civil Procedure 72(a):

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law.

The "clearly erroneous or contrary to law" standard of review is extremely deferential. Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005).
A finding is "clearly erroneous" when although there is evidence to support it the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. United States v. U.S. Gypsum Co., 333 U.S. 364, 395

Case No. 8:12-CV-1837-T-17MAP

(1948). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Pigott v. Sanibel Dev., LLC, 2008 WL 2937804 at *5 (S.D. Ala. July 23, 2008). Further, a magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery. See Tracy P. v. Sarasota Cnty., 2007 WL 1364381 at *2 (M.D. Fla. May 9, 2007); L.R. 6.01(c)(18).

II. Discussion

Defendant Kaplan was deposed on April 9, 2015. The cover page of the deposition indicates that Defendant Kaplan was deposed individually and on behalf of R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC. Jon D. Parrish, Esq., appeared on behalf of the Kaplan Parties. At the deposition, Bridgeview Bank Group conducted its direct examination of Defendant Kaplan, and Regions agreed to defer its direct examination.

Bridgeview Bank Group filed its Motion to Determine that the Deposition Testimony of Marvin Kaplan Is Not Privileged on September 2, 2015.

There is a protective order in place in this case. (Dkts. 83, 90). The Order incorporates the terms of the proposed Confidentiality Order. Paragraph 14 provides:

> 14. **Inadvertent Disclosure of Privileged Material**
>
> (a) The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or

3

Case No. 8:12-CV-1837-T-17MAP

> the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.
>
> (b) Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved.

This case was removed on the basis of federal question jurisdiction. In federal question cases, privileges are determined under federal common law. Fed. R. Ev. 501; Universal City Dev. Partners, Ltd. v. Ride & Show Engineering, Inc., 230 F.R.D. 688, 690 (M.D. Fla. 2005). The federal law of privilege governs even where the evidence sought might be relevant to a pendent state claim. Hancock v. Hobbs, 967 F.2d 462, 466 (11th Cir. 1992)

> The elements of the attorney-client privilege are:
>
> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

See In re Grand Jury Proceedings 88-9(MIA), 899 F.2d 1039, 1042 (11th Cir. 1990).

A. Objection - Record Establishes that Communications at Issue Were Not Legal Advice

Regions objects to the Order because the substance of the communication

Case No. 8:12-CV-1837-T-17MAP

between Mr. Parrish and Defendant Kaplan is not legal advice, but general business advice not protected by attorney-client privilege.

The subject encounter involves a meeting between Defendant Kaplan, who is named as an individual Defendant and who is also an agent for the entities named as Defendants, and prospective retained outside counsel.

Before the testimony which is the subject of this Motion, counsel had the following exchange:

| | | |
|---|---|---|
| Mr. Ellison: | Q. | So let me–let me–let me preface that by saying your initial conversation with David Rosenberg, you said you didn't leave with negative feelings after that meeting. |
| | A. | No. But– |
| Mr. Parrish: | | Don't– |
| Mr. Ellison: | Q. | But others may have. We'll leave it at that. |
| Mr. Parrish: | | Leave the attorneys out of it, is all I'm asking. |
| Mr. Ellison: | | Sure. |
| Mr. Parrish: | | I think that's appropriate. Right? |
| Mr. Ellison: | | I'm with you to–to an extent. |
| | A. | No. |
| Mr. Ellison: | | All right. You know, actually, let me make this record, Jon, if you don't mind. |
| Mr. Parrish: | | Sure. |
| Mr. Ellison: | | And you can do what you need to do. |

5

Case No. 8:12-CV-1837-T-17MAP

(Dkt. 515-1, pp. 13-14.

    Immediately before the testimony which is the subject of the Motion, Order and Objections, Defendant Kaplan was questioned as to whether, prior to 2012, any person in any capacity, whether as Defendant Kaplan's counsel or not as his counsel, told Defendant Kaplan not to invest in the Smith deal. Defendant's counsel, Mr. Parrish, interposed an objection to that question, as it potentially invoked a privileged conversation and instructed Defendant Kaplan not to answer. The question was then rephrased, and Defendant's counsel permitted the following question:

> Q. Prior to January of 2012, other than Mr. Rosenberg, did you have a conversation with an attorney concerning the Smith deal? I don't want to know the substance of the conversation. I'm just asking you if you had a conversation with an attorney concerning the Smith deal prior to January of 2012.
>
> Mr. Parrish:  And I'll permit that question.
>
> A. Yes.

(Dkt. 515-1, p. 14).

Defendant Kaplan then testified:

> Q. In speaking with Mr. Parrish, were you seeking legal advice? Again, not telling me what was talked about, but in speaking with him, were you seeking legal advice?
>
> A. No.
>
> Q. Okay. What did Mr. Parrish tell you?
>
> A. He said—I was telling him about the deal, and he said it sounded too good to be true.

Case No. 8:12-CV-1837-T-17MAP

Mr. Parrish: I'm going to interpose a privilege objection to that, despite what the client says, and move to have that stricken and sealed, because I think it may constitute advice, despite what he has so indicated.

Mr. Ellison: Okay.

Mr. Parrish: And if you guys treat it as advice, then I will assume it is advice, so—

Mr. Ellison: Okay. Okay. Let's move on.......

After the single disclosure, and the privilege objection immediately following it, Defendant Kaplan was repeatedly instructed not to answer questions concerning communications with Mr. Parrish during that time. (Dkt. 515-1, pp. 19-20). Defendant Kaplan testified that Mr. Parrish's visit to his office was an introduction (Dkt. 515-1, p. 18), and Defendant Kaplan hired Mr. Parrish after that meeting (Dkt. 515-1. p. 19).

Defendant Kaplan's purpose in meeting with Mr. Parrish was to establish an attorney/client relationship to receive legal advice on a matter not related to this case. Defendant Kaplan also discussed a matter related to this case, and at a later time retained Mr. Parrish to represent Defendant Kaplan in this case. Mr. Parrish met with Defendant Kaplan in his capacity as a lawyer, and charged Defendant Kaplan a fee for the meeting. The key question, in determining the existence of a privileged communication is "whether the client reasonably understood the conference to be confidential." U.S. v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991)(citing Kevlik v. Goldstein, 724 F.2d 844, 849 (1st Cir. 1984)).

Defendant Kaplan's brief testimony reveals the mental impression of the attorney Defendant Kaplan was consulting. In light of the overall purpose of the meeting, Defendant Kaplan's knowledge that Mr. Parrish was a lawyer, the fact that

7

Case No. 8:12-CV-1837-T-17MAP

Defendant Kaplan was charged a fee for the meeting, what Mr. Parrish said in that meeting arguably constitutes legal advice rather than business advice.

After consideration, the Court overrules Plaintiff's Objection as to this issue.

B. Objection - Record Establishes that Communications At Issue Were Not Made For the Purpose of Securing Legal Advice

Regions objects to the Order because the finding that Defendant Kaplan inadvertently identified that he was not seeking legal advice from Mr. Parrish is not supported by record evidence, and is contrary to Defendant Kaplan's unequivocal testimony that Defendant Kaplan was not seeking legal advice.

When Defendant Kaplan was questioned as to whether Defendant Kaplan was seeking legal advice, Defendant Kaplan denied that Defendant Kaplan was seeking legal advice.

The attorney-client privilege is personal to the client, but generally the client's attorney asserts the privilege on behalf of the client when the issue arises. That is what was done during Defendant Kaplan's deposition. After the single initial inadvertent disclosure, Defendant Kaplan was repeatedly instructed not to answer questions regarding communications with Mr. Parrish during that meeting. Regardless of Defendant Kaplan's testimony that the communication at issue did not involve legal advice, Defendant Kaplan's counsel immediately objected on the basis of attorney-client privilege, and moved to strike and seal that testimony.

In the context of an attorney-client privilege issue arising at deposition, it is not unusual for an individual client to have an opinion different from his counsel as to the same communication. Given the context, with Defendant's counsel immediately interposing a privilege objection that overrides an individual's testimony, the Court views

8

Case No. 8:12-CV-1837-T-17MAP

the objection as providing appropriate guidance on an arguable issue.

After consideration, the Court overrules Plaintiff's Objection as to this issue.

C. Order is Contrary to Law Because It Misapplies the Predominate Factor Test To the Entire Meeting Rather Than The Subject Matter of Each Topic

Regions argues that the Magistrate's conclusion that the entire meeting was privileged, even if certain topics, such as the SAA transactions, did not involve legal advice, is contrary to law. Regions argues that a communication may contain both privileged and non-privileged materials, and that the non-privileged part is discoverable. Regions argues that the fact that Mr. Parrish's statement was made during a meeting covering other unrelated topics for which legal advice may have been given does not trigger a privilege for the subject testimony.

The Court recognizes that attorney-client privilege does not extend to every statement made to a lawyer. Defendant Kaplan testified that he was meeting with Mr. Parrish on another matter unrelated to the SAA Ponzi scheme and unrelated to Defendant Kaplan's investment in Smith. (Dkt. 515-1, p, 19). Even if the primary purpose of the meeting was for an unrelated matter, the testimony that is the subject of this Motion is brief. The Court has found that, in light of the context, it is arguable that the exchange involves legal advice.

After consideration, the Court overrules the Objection. Accordingly, it is

**ORDERED** that Plaintiff's Objections are **overruled** and the Order of the assigned Magistrate Judge is **affirmed.**

Case No. 8:12-CV-1837-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 18th day of May, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record