UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

        Plaintiff,

v.                                  CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, etc., et al.,

        Defendants.

_____/

## ORDER

This cause is before the Court on:

Dkt. 541-43  Affidavit of Paul A. Carrubba
Dkt. 555      Motion to Strike or Exclude Testimony and Report of
                  Wells Fargo's Purported Expert, Paul Carrubba (Kaplan Parties)
Dkt. 556      Notice of Filing Expert Report of Paul Carrubba
Dkt. 572      Response in Opposition (Wells Fargo Bank, N.A.)

Crossclaim Plaintiffs Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC ("Kaplan Parties") move to exclude from evidence the testimony and report of Crossclaim Defendant Wells Fargo, N.A.'s expert, Paul Carrubba.

Crossclaim Plaintiffs argue that the opinions of Paul Carrubba should be excluded because the opinions are legal conclusions presented as expert opinions.

Paul Carrubba has provided an opinion on two issues: 1) Wells Fargo, N.A. returned the checks at issue according to reasonable banking standards and in accordance with the time frames set forth by law, and 2) whether using "Refer to maker" as a return reason was proper and in accordance with commercial banking standards.

Case No. 8:12-CV-1837-T-17MAP

Crossclaim Defendant Wells Fargo, N.A. responds that the opinions of Paul Carrubba, that Well Fargo timely returned the WFB Replacement Checks and that Wells Fargo's use of RTM as a return reason was in accordance with reasonable commercial standards, are opinions regarding ultimate facts, based on Mr. Carrubba's experience in the banking industry.

I. Standards - Fed. R. Ev. 702 and Daubert

The district court serves as a gatekeeper to the admission of scientific testimony. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). The district court has the same responsibility when the court is presented with a proffer of expert technical evidence or other specialized knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999).

> The district court considers whether:
>
> 1. The expert is qualified to testify competently regarding the matters he intends to address;
>
> 2. The methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and
>
> 3. The testimony assists the trier of fact, through the application of scientific, technical or specialized expertise, to understand the evidence or to determine a fact in evidence.

See Quiet Technology DC-8, Inc. v. Hurel-Dubois, U.K. Ltd., 326 F. 3d 1333, 1340-41 (11th Cir. 2003). The Court's inquiry into the expert's qualifications, the reliability of the proffered opinion and the helpfulness of that opinion overlap each other; however, these are distinct concepts. United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). "The burden of laying the proper foundation for the admission of the expert

Case No. 8:12-CV-1837-T-17MAP

testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence." Allison v. McGahan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999).

"While scientific training or education may provide possible means to qualify, experience in a field may offer another path to expert status." Frazier, 387 F.3d at 1260-61. Fed. R. Ev. 702 provides that expert status may be based on "knowledge, skill, experience, training or education." "[I]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. id. (citing Committee Note to the 2000 Amendments of Rule 702).

A qualified expert, however, must still offer reliable testimony. See Quiet Tech., 326 F.3d at 1341-42. "When evaluating the reliability of scientific expert opinion, the trial judge must assess 'whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue.'" Frazier, 387 F.3d at 1261-62 (quoting Daubert, 509 U.S. at 592-93). In ascertaining the reliability of a particular scientific expert opinion, the Court considers, to the extent possible: 1) whether the expert's theory can be and has been tested; 2) whether the theory has been subjected to peer review and publication; 3) the known or potential rate of error of the particular scientific technique; and 4) whether the technique is generally accepted in the scientific community... [T]hese factors do not exhaust the universe of considerations that may bear on the reliability of a given expert opinion, and a federal court should consider any additional factors that may advance its rule 702 analysis. Id. at 1262.

The district court must determine whether the proposed testimony is sufficiently relevant. Expert testimony is considered relevant when "it logically advances a material

aspect of the proposing party's case." Allison v. McGhan Med. Corp., 184 F.3d 1300, 1312 (11th Cir. 1999)(quotations and citation omitted).

It is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence. "A district court's gatekeeper role under Daubert is not intended to supplant the adversary system or the role of the jury." Maiz v. Verani, 253 F.3d 641, 666 (11th Cir. 2001). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).

II. Discussion

1. Qualified to Testify

The Expert Report identifies Mr. Carrubba's education and experience, the publications to which Mr. Carrubba has contributed, and the cases in which Mr. Carrubba has given trial or deposition testimony within the last five years.

After consideration, the Court finds that Mr. Carrubba is qualified to testify based on his education, training and experience.

2. Methodology is Reliable

Crossclaim Defendant Wells Fargo, N.A. argues that Fed. R. Ev. 702 contemplates the admission of expert testimony by experts whose knowledge is based on experience. Expert testimony as to standard practices in an industry is admissible when it is relevant and the expert has demonstrated a basis for the opinion. See United States v. Frazier, 387 F.3d 1244, 1260-61, 1298 (11th Cir. 2004). When the relevant

Case No. 8:12-CV-1837-T-17MAP

professional practices and standards have been shaped by the law, as is true in the banking industry, the expert may refer to legal principles or assumptions in order to place his opinions in context. See Travelers Indemnity Co. of Illinois v. Royal Oak Enterprises, Inc., 2004 WL 3770571 at *2 (M.D. Fla. Aug. 20, 2004).

Mr. Carrubba has testified that the proposed Commentary relied on by the Kaplan Parties was never adopted, that it was vehemently opposed by the banking industry at large, and that the current Commentary was the operative law at the time that Wells Fargo returned the WFB Replacement Checks. Mr. Carrubba has applied his specialized experience to the facts and circumstances surrounding the transactions at issue, and reached distinct conclusions regarding Wells Fargo's compliance with "prudent banking practices."

The opinions at issue are not scientific opinions and do not apply scientific techniques or theories; the Daubert factors as to reliability are not helpful in determining the reliability of the methodology. However, Wells Fargo has shown that Mr., Carrubba's opinions are grounded in banking law and practical knowledge of the banking industry.

After consideration, the Court finds that the methodology of Mr. Carrubba is sufficiently reliable.

3. Opinions Will Assist Trier of Fact

Wells Fargo argues that expert opinions regarding custom and practice in a certain industry should not be excluded simply because they reference statutes and regulations. See Travelers Indemnity Co. of Illinois v. Royal Oak Enterprises, Inc., 2004 WL 3770571 at *2 (M.D. Fla. Aug. 20, 2004).

Wells Fargo argues that Kaplan Parties have admitted that Wells Fargo returned the WFB Replacement Checks before the midnight deadline (Dkt. 553 at p. 4); however, Kaplan Parties have asserted that Wells Fargo's return of the WFB Replacement Checks was untimely due to alleged invalid return reason, RTM.

Wells Fargo argues that Mr. Carrubba's specialized knowledge regarding the standards of care applicable to payor banks, the banking industry's interpretation and treatment of Regulation CC Commentary, and the character and purpose of the RTM return reason will assist the Court in understanding the evidence and resolving the ultimate fact disputes in this case.

After consideration, the Court finds that the testimony and opinions of Mr. Carrubba are relevant, and would assist the Court in understanding the evidence and resolving a disputed issue of fact in this case. Accordingly, it is

**ORDERED** that the Motion to Strike or Exclude Testimony and Report of Wells Fargo's Purported Expert, Paul Carrubba, (Dkt. 555) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 24th day of March, 2017, nunc pro tunc April 17, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record