UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, etc.,

        Plaintiff,

v.                                     CASE NO. 8:12-CV-1837-T-17MAP

MARVIN KAPLAN, etc.,
et al.,

        Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 541-16  Affidavit of Pavel Reytikh
Dkt. 581     Motion to Strike Affidavit of Pavel Reytikh, with Exhibit (Kaplan Parties)
Dkt. 605     Response (Bridgeview Bank Group)

      Defendants/Counter-Claimants/Cross-Claimants Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC ("Kaplan Parties") move to strike the Affidavit of Pavel Reytikh, pursuant to Fed. R. Civ. P. 56(e), because it is a "sham" affidavit.

      Kaplan Parties state that Pavel Reytikh is an employee of Bridgeview Bank Group who worked in the BBG department that handled check returns during the time frame surrounding the transactions which are the subject of this case. Mr. Reytikh was deposed on May 13, 2015. Kaplan Parties contend that at deposition, Mr. Reytikh was unable to recall any details regarding the transactions that gave rise to this dispute.

Case No. 8:12-CV-1837-T-17MAP

Kaplan Parties further state that Mr. Reytikh had limited recall regarding dates, times and events and admitted that his recollection of the transactions was general, at best.

Kaplan Parties argue that Mr. Reytikh has now (November 16, 2015) submitted an Affidavit in support of the Bank Group's Statement of Undisputed Facts (Dkt. 541). Kaplan Parties argue that now Mr Reytikh recalls details surrounding the key transactions, including dates, times, regular practices of the bank, and account balances. Further, Mr. Reytikh now supplies conclusions about conventional banking practices and industry standards that favor BBG's position. Kaplan Parties argue that Mr. Reytikh has offered no foundation for his conclusions nor has he provided any qualifications which explain why Mr. Reytikh is qualified to make those conclusions.

Kaplan Parties request that the Affidavit of Pavel Reytikh be stricken and disregarded for the purposes of summary judgment. Kaplan Parties assert that Mr. Reytikh is not competent to testify about undefined banking practices in the absence of a proper foundation, which has not been supplied. Kaplan Parties further argue that Mr. Reytikh's Affidavit testimony is fundamentally inconsistent with his earlier deposition in numerous, material respects.

Crossclaim Defendant Bridgeview Bank Group ("BBG") opposes Kaplan Parties' Motion to Strike. BBG argues that Pavel Reytikh's deposition testimony was based on his personal knowledge of the matters questioned, but Mr. Reytikh's Affidavit, a corporate records custodian affidavit, is based on his review of BBG's business records of which he has personal knowledge. BBG argues that Kaplan Parties noticed Pavel Reytikh for deposition in his individual capacity (a Rule 30(b)(1) deposition), and Kaplan Parties never noticed a corporate representative of BBG for deposition (a Rule 30(b)(6) deposition).

BBG argues that a review of the Affidavit and deposition testimony of Mr. Reytikh

Case No. 8:12-CV-1837-T-17MAP

establishes that there is no inconsistency, or no inconsistency which would cause the Court to disregard the Affidavit. BBG further argues that the corroborating evidence, together with the deposition testimony of Mr. Reytikh, clearly establish the reliability of the Affidavit, and require that the Motion to Strike be denied.

I. Standard of Review

Under the "sham affidavit rule," [w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Van T. Junkins & Assoc., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984). "This rule is applied 'sparingly because of the harsh effect [it] may have on a party's case.'" Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1316 (11th Cir. 2007)(quoting Rollins v. Techsouth, 833 F.2d 1525, 1530 (11th Cir. 1987). Accordingly, a party bears "a heavy burden in order to exclude an affidavit under the sham affidavit rule." In re Stand 'N Seal, Prods. Liab. Litig., 636 F.Supp.2d 1333, 1335 (N.D. Ga. 2009).

The Court notes that a deponent may testify to a lack of personal knowledge, and subsequently declare personal knowledge based on a review of the records. See Del Rosario v. Labor Ready Southeast, Inc., 124 F.Supp.2d 1300, 1315-1316 (S.D. Fla. 2015). The Reytikh Affidavit states that it is based on his personal recollection and the records of Bridgeview Bank Group, and that "unless otherwise stated herein, all statements of fact are made upon the documents, reports, records and data compilations of BBG." (Reytikh Aff., par. 7).

After consideration, the Court denies the Motion to Strike Affidavit of Pavel Reytikh (Dkt. 581).

Case No. 8:12-CV-1837-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 24th day of March, 2017, nunc pro tunc April 17, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record