UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION,

REGIONS BANK, an Alabama
banking corporation,

        Plaintiff,

v.                                CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, an
individual, et al.,

        Defendants.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 783 | Motion to Extend Time to Provide Redaction Request (Kaplan Parties) |
| Dkt. 784 | Motion for Clarification re Stricken Testimony, Bench Trial (Dkt. 719) (Regions Bank) |
| Dkt. 785 | Motion for Clarification re Transcript (Dkt. 774) and/or to Seal Trial Transcript (Kaplan Parties) |
| Dkt. 786 | Response to Motion for Clarification (Dkt. 784) |

I.    Dkt. 783    Motion to Extend Time to Provide Redaction Request

        The transcript of the bench trial was filed on July 29, 2016. (Dkt. 774). The docket entry specifies a deadline for a Redaction Request on August 19, 2016, and Redacted Transcript deadline is set on August 29, 2016.

        Kaplan Parties filed a Notice of Intent to Request Redaction (Dkt. 780). On August 18, 2016, Kaplan Parties moved for a 14 day extension of the time to provide the redaction request. The Motion is not opposed by Regions Bank.

Case No. 8:12-CV-1837-T-17MAP

When a transcript of a court proceeding is filed, it is the duty of counsel for a represented party to review the transcript and to request redaction of personal identifiers in accordance with court rules and policies.

After consideration, the Court **grants** the unopposed Motion to Extend Time to Provide Redaction Request for fourteen days from the date of this Order.

| | | |
|---|---|---|
| II. | Dkt. 784 | Motion for Clarification re Stricken Testimony, Bench Trial (Dkt. 719) |
| | Dkt. 786 | Response |

Regions Bank requests clarification as to the stricken testimony at the Bench Trial on May 4, 2016 (Dkt. 719).

In the Response, Kaplan Parties state there is no objection to the Court clarifying the extent of the stricken testimony stemming from the use of the binders. Kaplan Parties request that, due to the possibility of tainted testimony, the testimony from pages 66 through 94 of the Day 2 trial testimony be stricken.

On May 4, 2016, the Court heard oral argument as to trial testimony during the time that Regions Bank examined trial witness Marvin Kaplan using binders that contained compilations of trial exhibits. (Transcript for May 4, 2016, pp. 4-37). Counsel for Regions Bank suggested striking the testimony of Mr. Kaplan during the time that binder compilations were used. (Transcript p. 37, l. 1-6). Counsel for Kaplan Parties agreed that his complaint was directed to the binder testimony. (Transcript, p. 37, l. 8-9). The Court stated that the Court Reporter's notes would reflect the exact time that the testimony started. (Transcript, p. 37, l. 1. 14-16). Counsel for Regions Bank repeated the agreement to strike testimony from the moment the first binder was handed over. (Transcript, p. 39, l. 19-21). Counsel for Kaplan Parties agreed.

Case No. 8:12-CV-1837-T-17MAP

(Transcript, p. 39, l. 24). The Court briefly stopped the trial to allow the Court Reporter to check her notes for the exact time. (Transcript, p. 42, l. 5-6). When the trial recommenced, the Court Reporter stated that the time inquiry of witness Kaplan commenced utilizing separate binders was "Yesterday at 12:51". (Transcript, p. 42, l. 15). In other words, May 3, 2016 at 12:51 p.m.

There was an oral motion to strike trial testimony during the time that Regions Bank examined Defendant Kaplan on binder compilations of trial exhibits. Kaplan Parties agreed. The Court granted the Motion. Regions Bank now requests that the Court confirm that the stricken testimony starts immediately after the Court Reporter's designation on page 94, lines 14-15 of the Day 2 Trial Transcript.

After consideration, the Court **grants** the Motion for Clarification, and **denies** Kaplan Parties' request to strike additional testimony from pp. 66 to 94 of the Day 2 Trial Transcript.

III.   Dkt. 785   Motion for Clarification

Kaplan Parties request that the Court clarify that the Court's ruling on the sealing of the Trial Transcript.

The public docket of this case shows that the Trial Transcript is not sealed. (Dkt. 774). However, two parts of the Trial Transcript were filed under seal: Dkts. 776, 777.

After consideration, the Court **grants** the Motion for Clarification. Kaplan Parties shall file a Motion to Seal which specifically identifies any additional parts of the Trial Transcript that Kaplan Parties believe should be filed under seal, and the reason for filing under seal, within fourteen days.

Case No. 8:12-CV-1837-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 31st day of March, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record