UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION,

REGIONS BANK, an Alabama
banking corporation,

          Plaintiff,

v.                                CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, an individual,
et al.,

          Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 614    Motion for Award of Attorney's Fees and Expenses (Regions Bank)
Dkt. 619    Response (Kaplan Parties)

In the Motion, Regions Bank seeks the award of reasonable attorney's fees and expenses for the last minute cancellation of the depositions of Robert Shaw, Brandy Barnett and Timothy Curren, based on the Order of Magistrate Judge Pizzo determining that Regions Bank was entitled to the award of reasonable attorney's fees and expenses (Dkt. 531). Judge Pizzo determined that it was unreasonable for Kaplan Parties to cancel out-of-town depositions on less than 24 hours notice.

Regions Bank seeks the award of attorney's fees for 80 hours of preparation time by the attorneys who attended the cancelled depositions (44.6 hours for David Garbett and 35.4 hours for Joseph Perkins), as well as $3,368.44 for expenses.

Kaplan Parties object to all of Perkins' attorney time and all but 11 hours of Garbett's attorney time. Kaplan Parties concede that $150.00 per day for meals is reasonable, but believe that only one travel day was reasonable. Kaplan Parties further

Case No. 8:12-CV-1837-T-17MAP

do not object to photocopy expense in the amount of $365.51, overnight delivery expense of $11.03, and travel miles in the amount of $266.80.

I. Legal Standard for Attorney's Fees Award

This Circuit uses the lodestar method, multiplying the reasonable hours by the reasonable hourly rates. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The reasonable hourly rate is the prevailing rate in the district for similar services by lawyers of comparable skill, experience and reputation. See Blum v. Stenson, 465 U.S. 886 (1984). In determining the lodestar, the Court may consider the factors in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). See Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1340 (11th Cir. 1999).

The moving party bears the burden of documenting the hours and rates. Hopkins Props., LLC v. Geddings, 2013 WL 4413350, at *3 (M.D. Fla. 2013)(citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Documentation of rates is satisfied "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Hopkins, 2013 WL 4413350 at *3. The Court may consider its own knowledge and experience in determining rates without the aid of witnesses.

II. Discussion

A. Rates

As to David Garbett, the hourly rate proposed ranges from $431.25 to $550.00 As to Joseph Perkins, the hourly rate proposed ranges from $217.50 to $400.00.

2

Case No. 8:12-CV-1837-T-17MAP

Given the complexity of this case, the Court finds that $525.00 is a reasonable rate for David Garbett, and $310.00 is a reasonable hourly rate for Joseph Perkins.

B. Hours

The Court notes that counsel for Regions Bank kept time records contemporaneously with the worked performed. (Exh. 2, Spreadsheet). Counsel asserts that all work performed was reasonably necessary, including local rule efforts to secure relief without court intervention, interviewing the deponents and preparing them for deposition, legal research and traveling to attend the deposition.

Kaplan Parties would be agreeable to Mr. Garbett's travel time, and 2-3 hours of preparation, and request that the Court consider these amounts of time reasonable under the circumstances.

Kaplan Parties argue that Regions' requested time is duplicative and unnecessary. Kaplan Parties have objected to attendance of Mr. Perkins. Given the complexity of this case, the Court overrules the objection.

Kaplan Parties objected to the inclusion of attorney time that goes back until June 3, 2015, a week before the original deposition dates were noticed. Kaplan Parties contend that 80 hours is unreasonable, in light of the fact that the depositions were for two fact witnesses and Regions' 30(b)(6) designee on a limited area. Kaplan Parties argue that the witnesses were noticed for deposition on one day, 2 hours apiece.

Case No. 8:12-CV-1837-T-17MAP

The depositions were to have been taken on October 6, 2015. The time entries extend from June 3, 2015 to November 10, 2015. The Court finds it is appropriate to include the time spent preparing and filing the Motion for Sanctions. See Miller v. Dyadic International, Inc., 2008 WL 2116590 (S.D. Fla. May 20, 2008). However, inclusion of all of the attorney time appears excessive. The Court is reducing the reasonable time for Mr. Garbett to 32.3 hours, and is reducing the reasonable time for Mr. Perkins to 24.6.

The amount awarded for attorney's fees for Mr. Garbett is 32.3 hours x $525, which totals $16,957.50. The amount awarded for attorney's fees for Mr. Perkins is 24.6 x $310, which totals $7,626,00. The total attorney's fee award is $24,583.50.

C. Expenses

Kaplan Parties request that the Court disregard all expenses of Mr. Perkins, and argue that Mr. Garbett's expenses are unreasonable and exorbitant.

The Court finds that the expenses for telephone conferences, overnight delivery, meals, conference room for witness interviews, and travel miles in the amount of $3,368.44 are reasonable and recoverable. Accordingly, it is

**ORDERED** that the Motion for Award of Attorney's Fees and Expenses (Dkt. 614) is **granted** in the amount of $24,583.50 for attorney's fees, and $3,368.44 for expenses, for a total of $27,951.94.

4

Case No. 8:12-CV-1837-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 31st day of March, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record