UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**REGIONS BANK, an Alabama
banking corporation,**

        Plaintiff,

v.                                CASE NO. 8:12-CV-1837-T-17MAP

**MARVIN I. KAPLAN, an individual;
R1A PALMS, LLC, a Florida limited
liability company; LIGHTHOUSE
POINTE, LLC, a Florida limited
liability company; WELLS FARGO,
BANK, N.A., a national banking
association, as successor by merger
with Wachovia Bank, N.A., TRIPLE
NET EXCHANGE, LLC, a Delaware
limited liability company; MK
INVESTING, LLC, a Florida limited
liability company; BNK SMITH, LLC,
a Florida limited liability company;
and SMITH ADVERTISING &
ASSOCIATES, INC., a North
Carolina corporation.**

        Defendants.

_____/

**FINAL JUDGMENT IN A CIVIL CASE**

**Decision by Court.** This action came before the Court and a decision has been rendered.

Dkt. 671     Corrected Second Amended Complaint of Regions Bank
Dkt. 190     Second Amended Complaint of Regions Bank

Case No. 8:12-CV-1837-T-17MAP

Count I    Breach of Deposit Agreement against R1A Palms, LLC

A decision was rendered on Count I on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against R1A Palms LLC in the amount of $3,366,007.52, plus prejudgment interest of $942,400.31 until November 9, 2017, and prejudgment interest of $493.66 daily until entry of final judgment. Jurisdiction is reserved to determine entitlement to attorney's fees and costs (Dkt. 851).

Count II   Obligation of Reimbursement against R1A Palms. LLC under Sec. 674.207(2), Fla. Stat.

A decision was rendered on Count II on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against R1A Palms LLC in the amount of $3,366,007.52, plus prejudgment interest of $942,400.31 until November 9, 2017, and prejudgment interest of $493.66 daily until entry of final judgment. Jurisdiction is reserved to determine entitlement to expenses (Dkt. 851).

Count III  Obligation of Refund against R1A Palms, LLC under Sec. 674.2141(1), Fla. Stat.

A decision was rendered on Count III on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against R1A Palms LLC in the amount of $3,366,007.52, plus prejudgment interest of $942,400.31 until November 9, 2017, and prejudgment interest of $493.66 daily until entry of final judgment (Dkt. 851).

Count IV   Obligation of Indorser against R1A Palms, LLC under Sec. 673.4151.(1), Fla. Stat.

A decision was rendered on Count IV on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against R1A Palms LLC in the amount of $3,366,007.52, plus prejudgment interest of $942,400.31 until November 9, 2017, and prejudgment interest of $493.66 daily until entry of final judgment (Dkt. 851).

Case No. 8:12-CV-1837-T-17MAP

Count V      Conversion against R1A Palms, LLC

A decision was rendered on Count V on April 18, 2016 (Dkt. 654). It is hereby **ordered** that final judgment is entered in favor of R1A Palms, LLC and against Regions Bank.

Count VI     Fraudulent Concealment against R1A Palms, LLC

A decision was rendered on Count VI on June 23, 2017 (Dkt. 826). It is hereby **ordered** that final judgment is entered in favor of R1A Palms, LLC and against Regions Bank.

Count VII    Aiding/Abetting against R1A Palms, LLC

A decision was rendered on Count VII on June 23, 2017 (Dkt. 826). It is hereby **ordered** that final judgment is entered in favor of R1A Palms, LLC and against Regions Bank.

Count VIII   Breach of Deposit Agreement against Triple Net Exchange, LLC

A decision was rendered on Count VIII on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against Triple Net Exchange LLC in the amount of $1,689,590.03, plus prejudgment interest in the amount of $467,513.70 until November 9, 2017, and prejudgment interest of $247.65 daily until entry of final judgment (Dkt. 851). Jurisdiction is reserved to determine entitlement to attorney's fees and costs.

Count IX     Obligation of Reimbursement against Triple Net Exchange, LLC under Sec. 674.207(2), Fla. Stat.

A decision was rendered on Count IX on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against Triple Net Exchange LLC in the amount of $1,689,590.03, plus prejudgment interest in the amount of $467,513.70 until November 9, 2017, and prejudgment interest of $247.65 daily until entry of final judgment (Dkt. 851). Jurisdiction is reserved to determine entitlement to

Case No. 8:12-CV-1837-T-17MAP

        expenses.

Count X      Obligation of Refund against Triple Net Exchange, LLC under Sec. 674.2141(1), <u>Fla</u>. <u>Stat</u>.

            A decision was rendered on Count X on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against Triple Net Exchange LLC in the amount of $1,689,590.03, plus prejudgment interest in the amount of $467,513.70 until November 9, 2017, and prejudgment interest of $247.65 daily until entry of final judgment (Dkt. 851).

Count XI     Obligation of Indorser against Triple Net Exchange, LLC under Sec. 673.4151.(1), <u>Fla</u>. <u>Stat</u>.

            A decision was rendered on Count XI on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against Triple Net Exchange LLC in the amount of $1,689,590.03, plus prejudgment interest in the amount of $467,513.70 until November 9, 2017, and prejudgment interest of $247.65 daily until entry of final judgment (Dkt. 851).

Count XII    Conversion against Triple Net Exchange, LLC

            A decision was rendered on Count XII on April 18, 2016 (Dkt. 654). It is hereby **ordered** that final judgment is entered in favor of Triple Net Exchange, LLC and against Regions Bank.

Count XIII   Fraudulent Concealment against Triple Net Exchange, LLC

            A decision was rendered on Count XIII on June 23, 2017 (Dkt. 826). It is hereby **ordered** that final judgment is entered in favor of Triple Net Exchange, LLC and against Regions Bank.

Count XIV   Aiding/Abetting against Triple Net Exchange, LLC

            A decision was rendered on Count XIV on June 23, 2017 (Dkt. 826). It is hereby **ordered** that final judgment is entered in favor of Triple Net Exchange, LLC and against Regions Bank.

Case No. 8:12-CV-1837-T-17MAP

Count XV   Breach of Deposit Agreement against MK Investing, LLC

A decision was rendered on Count XV on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against MK Investing, LLC in the amount of $1,178, 923.79 plus prejudgment interest of $326,222.14 to November 9, 2017, and prejudgment interest of $173.00 daily until entry of final judgment. Jurisdiction is reserved to determine entitlement to attorney's fees and costs (Dkt. 851).

Count XVI   Obligation of Reimbursement against MK Investing, LLC under Sec. 674.207(2), Fla. Stat.

A decision was rendered on Count XVI on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against MK Investing, LLC in the amount of $1,178, 923.79 plus prejudgment interest of $326,222.14 to November 9, 2017, and prejudgment interest of $173.00 daily until entry of final judgment (Dkt. 851). Jurisdiction is reserved to determine entitlement to expenses.

Count XVII   Obligation of Refund against MK Investing, LLC under Sec. 674.2141(1), Fla. Stat.

A decision was rendered on Count XVII on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against MK Investing, LLC in the amount of $1,178, 923.79 plus prejudgment interest of $326,222.14 to November 9, 2017, and prejudgment interest of $173.00 daily until entry of final judgment (Dkt. 851).

Count XVIII   Obligation of Indorser against MK Investing, LLC under Sec. 673.4151.(1), Fla. Stat.

A decision was rendered on Count XVIII on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank, and against MK Investing, LLC in the amount of $1,178, 923.79 plus prejudgment interest of $326,222.14 to November 9, 2017, and

Case No. 8:12-CV-1837-T-17MAP

prejudgment interest of $173.00 daily until entry of final judgment (Dkt. 851).

Count XIX    Conversion against MK Investing, LLC

A decision was rendered on Count XIX on April 18, 2016 (Dkt. 654). It is hereby **ordered** that final judgment is entered in favor of MK Investing, LLC and against Regions Bank.

Count XX    Fraudulent Concealment against MK Investing, LLC

A decision was rendered on Count XX on June 23, 2017 (Dkt. 826). It is hereby **ordered** that final judgment is entered in favor of MK Investing, LLC and against Regions Bank.

Count XXI    Aiding/Abetting against MK Investing, LLC

A decision was rendered on Count XXI on June 23, 2017 (Dkt. 826). It is hereby **ordered** that final judgment is entered in favor of MK Investing, LLC and against Regions Bank.

Count XXII    Breach of Deposit Agreement against BNK Smith, LLC

A decision was rendered on Count XXII on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank against BNK Smith, LLC in the amount of $164,379.01 plus prejudgment interest of $48,485.23 to November 9, 2017 and prejudgment interest of $24.12 daily until entry of final judgment. Jurisdiction is reserved to determine entitlement to attorney's fees and costs (Dkt. 851).

Count XXIII    Obligation of Reimbursement against BNK Smith, LLC under Sec. 674.207(2), Fla. Stat.

A decision was rendered on Count XXIII on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank against BNK Smith, LLC in the amount of $164,379.01 plus prejudgment interest of $48,485.23 to November 9, 2017 and prejudgment interest of $24.12 daily until entry of final judgment. Jurisdiction is reserved to determine entitlement to expenses (Dkt. 851).

Case No. 8:12-CV-1837-T-17MAP

Count XXIV  Obligation of Refund against BNK Smith, LLC under Sec. 674.2141(1), Fla. Stat.

    A decision was rendered on Count XXIV on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank against BNK Smith, LLC in the amount of $164,379.01 plus prejudgment interest of $48,485.23 to November 9, 2017 and prejudgment interest of $24.12 daily until entry of final judgment (Dkt. 851).

Count XXV  Obligation of Indorser against BNK Smith, LLC under Sec. 673.4151.(1), Fla. Stat.

    A decision was rendered on Count XXV on April 18, 2016 (Dkt. 652). It is hereby **ordered** that final judgment is entered in favor of Regions Bank against BNK Smith, LLC in the amount of $164,379.01 plus prejudgment interest of $48,485.23 to November 9, 2017 and prejudgment interest of $24.12 daily until entry of final judgment (Dkt. 851).

Count XXVI  Conversion against BNK Smith, LLC

    A decision was rendered on Count XXVI on April 18, 2016 (Dkt. 654). It is hereby **ordered** that final judgment is entered in favor of BNK Smith, LLC and against Regions Bank.

Count XXVII  Fraudulent Concealment against BNK Smith, LLC

    A decision was rendered on Count XXVII on June 23, 2017 (Dkt. 826). It is hereby **ordered** that final judgment is entered in favor of BNK Smith, LLC and against Regions Bank.

Count XXVIII  Aiding/Abetting against BNK Smith, LLC

    A decision was rendered on Count XXVIII on June 23, 2017 (Dkt. 826). It is hereby **ordered** that final judgment is entered in favor of BNK Smith, LLC and against Regions Bank.

Case No. 8:12-CV-1837-T-17MAP

Count XXIX  Fraudulent Concealment against Marvin I. Kaplan

> A decision was rendered on Count XXIX on June 23, 2017 (Dkt. 826). It is hereby **ordered** that final judgment is entered in favor of Marvin I. Kaplan and against Regions Bank.

Count XXX  Aiding/Abetting Conversion against Marvin I. Kaplan

> A decision was rendered on Count XXX on April 18, 2016 (Dkt. 654). It is hereby **ordered** that final judgment is entered in favor of Marvin I. Kaplan and against Regions Bank.

Count XXXI  Conversion against Marvin I. Kaplan

> A decision was rendered on Count XXXI on April 18, 2016 (Dkt. 654). It is hereby **ordered** that final judgment is entered in favor of Marvin I. Kaplan and against Regions Bank.

Count XXXII  Civil Conspiracy against Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, BNK Smith, LLC

> A decision was rendered on Count XXXII on June 23, 2017 (Dkt. 826). The decision designated Count XXXII as Count XXXIII in error. It is hereby **ordered** that final judgment is entered in favor of Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC and against Regions Bank.

Case No. 8:12-CV-1837-T-17MAP

Dkt. 93      Amended Counterclaim and Crossclaims of Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, BNK Smith, LLC

Count I      Fraud against Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith and Smith Advertising & Associates, Inc.

A decision was rendered on Count I on March 22, 2013 (Dkt. 84) and on March 31, 2014 (Dkt. 244) as to Defendant Starr. A decision was rendered on November 7, 2017 as to G. Todd Smith a/k/a Todd Smith and Smith Advertising & Associates, Inc. (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count I with prejudice is entered in favor of Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith, a/k/a Todd Smith and Smith Advertising & Associates, Inc., and against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Count II      Conspiracy to Defraud against Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group and Smith Advertising & Associates, Inc.

A decision was rendered on Count II on April 19, 2016 (Dkt. 657) as to Defendant Starr. A decision was rendered on Count II on April 18, 2016 as to Defendant Bridgeview Bank Group (Dkt. 655). A decision was rendered on Count II on November 7, 2017 as to G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, and Smith Advertising & Associates, Inc. (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count II with prejudice is entered in favor of Defendant Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group and Smith Advertising & Associates, Inc., and against R1A Palms. LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Case No. 8:12-CV-1837-T-17MAP

Count III	Negligent Misrepresentation against Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith and Smith Advertising & Associates, Inc.

A decision was rendered on Count III on March 22, 2013 (Dkt. 84) and on March 31, 2014 (Dkt. 244) as to Defendant Starr. A decision was rendered on November 7, 2017 as to Defendants G. Todd Smith a/k/a Todd Smith and Smith Advertising & Associates, Inc. (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count III with prejudice is entered in favor of Defendant Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, and Smith Advertising & Associates, Inc., and against R1A Palms. LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Count IV	Violation of 18 U.S.C. Secs. 1962(c) and 1964 against Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group and Smith Advertising & Associates, Inc.

A decision was rendered on Count IV on March 30, 2015 (Dkt. 351) as to Defendant Starr. A decision was rendered on Count IV on May 14, 2015 (Dkt. 378) as to Defendant Bridgeview Bank Group. A decision was rendered on November 7, 2017 on Count IV as to Defendants G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, and Smith Advertising & Associates, Inc. (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count IV with prejudice is entered in favor of Defendant Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group and Smith Advertising & Associates, Inc., and against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Case No. 8:12-CV-1837-T-17MAP

| | |
|---|---|
| Count V | Violation of 18 U.S.C. Secs. 1962(d) and 1964 against Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group and Smith Advertising & Associates, Inc. |

A decision was rendered on Count V on March 30, 2015 (Dkt. 351) as to Defendant Starr. A decision was rendered on Count V on May 14, 2015 (Dkt. 378) as to Defendant Bridgeview Bank Group. A decision was rendered on November 7, 2017 on Count V as to Defendants G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, and Smith Advertising & Associates, Inc. (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count V with prejudice is entered in favor of Defendant Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group, and Smith Advertising & Associates, Inc., and against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

| | |
|---|---|
| Count VI | Violation of Secs. 772.103(3) and 772.104, Fla. Stat., against Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group and Smith Advertising & Associates, Inc. |

A decision was rendered on Count VI on March 30, 2015 (Dkt. 351) as to Defendant Starr. A decision was rendered on Count VI on May 14, 2015 (Dkt. 378) as to Defendant Bridgeview Bank Group. A decision was rendered on November 7, 2017 on Count VI as to Defendants G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, and Smith Advertising & Associates, Inc. (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count VI with prejudice is entered in favor of Defendant Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group, and Smith Advertising & Associates, Inc., and against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Case No. 8:12-CV-1837-T-17MAP

Count VII  Violation of Secs. 772.103(4) and 772.104, Fla. Stat., against Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group and Smith Advertising & Associates, Inc.

A decision was rendered on Count VII on March 30, 2015 (Dkt. 351) as to Defendant Starr. A decision was rendered on Count VII on May 14, 2015 (Dkt. 378) as to Defendant Bridgeview Bank Group. A decision was rendered on November 7, 2017 on Count VII as to Defendants G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, and Smith Advertising & Associates, Inc. (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count VII with prejudice is entered in favor of Defendant Charles L. Starr, III, a/k/a Larry Starr, G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group, and Smith Advertising & Associates, Inc., and against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Count VIII  Violation of Sec. 772.11, Fla. Stat., against G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, and Smith Advertising & Associates, Inc.

A decision was rendered on Count VIII on November 7, 2017 (Dkt. 848). An order correcting the respective amounts of prejudgment interest and adding prejudgment interest to November 14, 2017 was entered on November 15, 2017.

It is hereby **ordered** that a joint and several final judgment is entered against G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, and Smith Advertising & Associates, Inc. and in favor of R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, and BNK Smith, LLC as follows::

A.  Damages in the following amounts:

1.  $47,598,983.00 to R1A Palms, LLC;

2.  $11,246,494.00 to Triple Net Exchange, LLC

12

Case No. 8:12-CV-1837-T-17MAP

        3.      $7,795,449.47 to MK Investing, LLC;

        4.      $2,963,804.18 to BNK Smith, LLC.

    B.    Prejudgment Interest in the following amounts:

        1.      $4,081,414.89 to R1A Palms, LLC

        2.      $1,037,076.82 to Triple Net Exchange, LLC

        3.      $698,100.01 to MK Investing, LLC

        4.      $270,001.35 to BNK Smith, LLC.

The Court further awards attorney's fees in the amount of $40,609.00 in favor of R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, and BNK Smith, LLC. This Final Judgment shall accrue post-judgment interest pursuant to 28 U.S.C. Sec. 1961, for which sum execution shall issue.

Count IX    Conversion against G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, and Smith Advertising & Associates, Inc.

A decision was rendered on Count IX on November 7, 2017 (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count IX with prejudice is entered in favor of G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, and Smith Advertising & Associates, Inc., and against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Case No. 8:12-CV-1837-T-17MAP

Count X  Violation of Florida's Deceptive and Unfair Trade Practices Act against G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group and Smith Advertising & Associates, Inc.

A decision was rendered on Count X on March 31, 2014 (Dkt. 244) and on April 18, 2016 as to Bridgeview Bank Group (Dkt. 655). A decision was rendered on Count X on November 7, 2017 as to Defendants G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, and Smith Advertising & Associates, Inc. (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count X with prejudice is entered in favor of G. Todd Smith a/k/a Todd Smith, Gary T. Smith, Lucy B. Smith, Bridgeview Bank Group and Smith Advertising & Associates, Inc., and against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Count XI  Violation of Sec. 68.065, Fla. Stat., against Smith Advertising & Associates, Inc.

A decision was rendered on Count XI on November 7, 2017 (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count XI with prejudice is entered in favor of Smith Advertising & Associates, Inc. and against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Count XII  Breach of Contract against G. Todd Smith a/k/a Todd Smith, Gary T. Smith, and Smith Advertising & Associates, Inc.

A decision was rendered on Count XII on November 7, 2017 (Dkt. 848).

It is hereby **ordered** that a final judgment dismissing Count XII with prejudice is entered in favor of G. Todd Smith a/k/a Todd Smith, Gary T. Smith, and Smith Advertising & Associates, Inc., and against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Case No. 8:12-CV-1837-T-17MAP

Count XIII     Breach of UCC Sec. 4-302(a) against Bridgeview Bank Group

A decision was rendered on Count XIII on April 18, 2016 (Dkt. 655).

It is hereby **ordered** that a final judgment on Count XIII
is entered in favor of Bridgeview Bank Group and
against R1A Palms, LLC, Triple Net Exchange, LLC, MK
Investing, LLC and BNK Smith, LLC.

Count XIV     Breach of UCC Sec. 4-302(a) against Wells Fargo, N.A.

A decision was rendered on Count XIV on April 18, 2016 (Dkt. 656).

It is hereby **ordered** that a final judgment on Count XIV
is entered in favor of Wells Fargo, N.A. and against R1A Palms,
LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK
Smith, LLC.

Count XV     Breach of 12 C.F.R. Part 229 against Bridgeview Bank Group

A decision was rendered on Count XV on April 18, 2016 (Dkt. 655).

It is hereby **ordered** that a final judgment on Count XV
is entered in favor of Bridgeview Bank Group and
against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC
and BNK Smith, LLC.

Count XVI     Breach of 12 C.F.R. Part 229 against Wells Fargo, N.A.

A decision was rendered on Count XVI on April 18, 2016 (Dkt. 656).

It is hereby **ordered** that a final judgment on Count
XVI is entered in favor of Wells Fargo, N.A.
and against R1A Palms, LLC, Triple Net Exchange, LLC,
MK Investing, LLC and BNK Smith, LLC.

Case No. 8:12-CV-1837-T-17MAP

Count XVII     Negligence against Bridgeview Bank Group

A decision was rendered on Count XVII on April 18, 2016 (Dkt. 655).

It is hereby **ordered** that a final judgment on Count
XVII is entered in favor of Bridgeview Bank
Group and against R1A Palms, LLC, Triple Net Exchange, LLC,
MK Investing, LLC and BNK Smith, LLC.

Count XVIII    Negligence against Wells Fargo, N.A.

A decision was rendered on Count XVIII on April 18, 2016 (Dkt. 656).

It is hereby **ordered** that a final judgment on Count
XVIII is entered in favor of Wells Fargo, N.A. and against
R1A Palms, LLC, Triple Net Exchange, LLC,
MK Investing, LLC and BNK Smith, LLC.

Count XIX     Fraud against Bridgeview Bank Group

A decision was rendered on Count XIX on April 18, 2016 (Dkt. 655).

It is hereby **ordered** that a final judgment on Count XIX is
entered in favor of Bridgeview Bank Group and against
R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC
and BNK Smith, LLC.

Count XX      Negligent Misrepresentation against Bridgeview Bank Group

A decision was rendered on Count XX on April 18, 2016 (Dkt. 655).

It is hereby **ordered** that a final judgment on Count XX is entered
In favor of Bridgeview Bank Group and against R1A Palms, LLC,
Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Case No. 8:12-CV-1837-T-17MAP

Count XXI    Defamation Per Se against Regions Bank, Florida Bankers
Association, Inc., Robert Nicholas Shaw

A decision was rendered on Count XXI on March 31, 2014 (Dkt. 244).

It is hereby **ordered** that a final judgment on Count XXI is
entered in favor of Regions Bank, Florida Bankers
Association, Inc. and Robert Nicholas Shaw, and against
Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC,
MK Investing, LLC and BNK Smith, LLC.

Count XXII    Invasion of Privacy against Regions Bank, Florida Bankers
Association, Inc., Robert Nicholas Shaw

A decision was rendered on Count XXII on March 31, 2014 (Dkt. 244).

It is hereby **ordered** that a final judgment on Count XXII is
entered in favor of Regions Bank, Florida Bankers Association,
Inc. and Robert Nicholas Shaw, and against Marvin I.
Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC,
MK Investing, LLC and BNK Smith, LLC.

Count XXIII    Negligence/Negligent Misrepresentation against Regions Bank

A decision was rendered on Count XXIII on April 18, 2016 (Dkt. 652).

It is hereby **ordered** that a final judgment on Count XXIII is
entered in favor of Regions Bank and against R1A Palms, LLC,
Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC.

Case No. 8:12-CV-1837-T-17MAP

Dkt. 271  Counterclaim of Bridgeview Bank Group

Count I  Violation of Secs. 772.103(3) and 772.104, Fla. Stat., against R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith LLC

A decision was rendered on Count I on March 30, 2015 (Dkt. 353).

It is hereby **ordered** that a final judgment of dismissal on Count I is entered in favor of R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC and against Bridgeview Bank Group.

Count II  Violation of Secs. 772.103(4) and 772.104, Fla. Stat., against Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, BNK Smith, LLC

A decision was rendered on Count II on March 30, 2015 (Dkt. 353).

It is hereby **ordered** that a final judgment of dismissal on Count II is entered in favor of Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC, and against Bridgeview Bank Group.

Case No. 8:12-CV-1837-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 15th day of November, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

# CIVIL APPEALS JURISDICTION CHECKLIST

1. <u>Appealable Orders</u>: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. <u>Time for Filing:</u> The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) Fed.R.App.P. 4(a)(1): A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) Fed.R.App.P. 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) Fed.R.App.P.4(a)(4): If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) Fed.R.App.P.4(a)(5) and 4(a)(6): Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) Fed.R.App.P.4(c): If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. <u>Format of the notice of appeal</u>: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4. <u>Effect of a notice of appeal</u>: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).