UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, an Alabama
banking corporation,

        Plaintiff,

v.                              CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, an individual,
et al.,
        Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 816    Motion to Redact Trial Transcript (Kaplan Parties)
Dkt. 819    Memorandum of Law in Opposition (Regions Bank)

Defendants Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC and BNK Smith, LLC) ("Kaplan Parties") move to redact the trial transcript. Kaplan Parties have attached the proposed redactions as Exhibit A to the Motion (18 pages). Kaplan Parties argue that the proposed redactions are necessary to protect sensitive information regarding: 1) Mr. and Mrs. Kaplan's personal financial information, and 2) non-party financial and personal information.

Kaplan Parties assert that the information for which Kaplan Parties request redaction is generally not directly germane to the claims and issues in this case, and the public interest will not be served by disclosing miscellaneous financial and personal information of Mr. and Mrs. Kaplan and unrelated third parties, whose interest in maintaining privacy outweighs the public's interest in disclosure.

Case No 8:12-CV-1837-T-17MAP

Kaplan Parties further argue that the requested redaction of the trial transcript will not prejudice the other parties, in light of the fact that this Court has already entertained and granted the parties' requests to seal trial exhibits containing sensitive information.

Plaintiff Regions Bank opposes Kaplan Parties' Motion to Redact Trial Transcript, arguing that the Motion to Redact does not comply with Local Rule 1.09, does not describe the information in any detail, and does not provide the rigorous justification necessary for sealing.

I. Standard of Review

Absent exceptional circumstances, trials are public proceedings. The district court has discretion to determine which portions of the record should be placed under seal, but the district court's discretion is guided by the presumption of public access to judicial documents. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992). While the parties to a lawsuit "have protectable privacy interests in confidential information disclosed through discovery, once the information becomes a judicial record or a public document, the public has a common-law right to inspect and copy the information. In re Alexander Grant & Co. Litigation, 820 F.2d 352, 355 (11th Cir. 1987).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to Fed. R. Civ. P. 26(c). "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury. " See NXP B.V. v. Blackberry Ltd., 2014 WL

2

Case No 8:12-CV-1837-T-17MAP

40591935, at *2 (M.D. Fla. Aug. 15, 2014).

The Court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero v. Drummond Company, Inc., 480 F.3d 1234, 1246 (11th Cir. 2007). The decision as to access is left to the sound discretion of the trial court, to be exercised in light of the relevant facts and circumstances of the particular case. Belo Broad. Corp. v. Clark, 654 F.2d 423, 430 (5th Cir. 1981).

II. Analysis

Defendants Kaplan Parties requests that the Court approve the proposed redactions in the table attached to Defendants' Motion. The Court understands that Defendant Kaplan Parties are asserting Defendant Kaplan's generalized privacy right to keep personal financial information private. The table provides only page and line references, without any description of the information or explanation of why redaction is necessary for each item.

In light of the conclusory manner in which Defendants Kaplan Parties have requested relief, the Court doubts the standing of Defendants Kaplan Parties to assert the privacy interests of non-party witnesses.

Case No 8:12-CV-1837-T-17MAP

The Court has reviewed the Judicial Conference Privacy Policy and applicable Court rules as to redaction. That policy requires personal identifiers to be redacted, including Social Security numbers, names of minor children, financial account numbers, dates of birth, and, in criminal cases, home addresses. The Court's CM/ECF Administrative Procedures provides the rules for redaction in CM/ECF filings.

The Court notes that Defendants Kaplan Parties do not request redaction of Social Security numbers, names of minor children, financial account numbers, dates of birth, or home addresses. Defendants Kaplan Parties are seeking to seal portions of the trial transcript which may refer to personal financial information.

Defendant Kaplan Parties' Motion to Redact Trial Transcript , interpreted as a Motion to Seal portions of the trial transcript, does not comply with L.R. 1.09. The Court cannot balance the interests of the respective parties in a vacuum. After consideration, the Court concludes that Defendants Kaplan Parties have not established good cause to seal portions of the trial transcript necessary to overcome the common law right of access. The Court therefore denies the Motion to Redact Trial Transcript. Accordingly, it is

**ORDERED** that Defendants Kaplan Parties' Motion to Redact Trial Transcript (Dkt. 816) is **denied.**

Case No. 8:12-CV-1837-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 21st day of November, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record