UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK, an Alabama
banking company,

        Plaintiff,

v.                            CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, an individual,
et al.,

        Defendants.

_____/

## ORDER

This cause is before the Court on:

Dkt. 820     Motion to Unseal Trial Transcript (Dkt. 776)
Dkt. 822     Response

Plaintiff Regions Bank moves for an order unsealing a portion of the trial transcript (Dkt. 776), the morning session of trial on Thursday, May 12, 2016, consisting of 53 pages containing oral argument on Regions' Third Motion to Compel financial worth discovery of Defendants Kaplan Parties (Marvin I. Kaplan, R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, BNK Smith, LLC) for purposes of punitive damages. Plaintiff Regions Bank argues that there is nothing highly confidential during that session to warrant continued sealing.

Plaintiff Regions Bank filed Plaintiff's Third Motion to Compel Financial Worth Discovery on April 30, 2016, seeking all information concerning the net worth of the assets of Marvin I. Kaplan, assets, liabilities, and the net worth of the entities that are at issue in this case (R1A Palms, LLC, Triple Net Exchange, LLC, MK Investing, LLC, BNK Smith, LLC), assets, liabilities and the net worth of the 19 LLCs that are listed on Kap Reg 3856, for the Court's consideration in determining an award of punitive

Case No. 8:12-CV-1867-T-17MAP

damages.

On Day 7 of the trial, May 11, 2016, Plaintiff Regions Bank brought the pending Third Motion to Compel Financial Net Worth Discovery to the Court's attention, having learned of the sale of assets owned in part by Defendant Marvin Kaplan from an article that appeared in the Bradenton Herald.

Plaintiff Regions Bank argues that there is nothing in the trial transcript that would justify continued sealing. At the hearing, the Parties discussed the identity of entities in which the Kaplans have an interest in whole or in part, all of which is already public information, and certain transactions by which the Kaplan Entities moved money to Kathryn Kaplan for no value during this case, which is also public information. (Case No. 8:16-CV-2867-T-23AAS, Dkts. 48, 93). The Report and Recommendation (Dkt. 93) is directed to transfers of funds and assets from R1A Palms, LLC, Triple Net Exchange , LLC and BNK Smith, LLC to Kathryn Kaplan between January, 2015 and October, 2015, and from MK Investing, LLC to MIK Advanta, LLC between August, 2012 and October, 2012..

Defendants Kaplan Parties oppose Plaintiff's Motion to Unseal Trial Transcript. Defendants argue that the issue at the May 12, 2016 hearing was whether non-party information, including K. Kaplan's personal financial stake in non-party companies owned as tenants by the entirety with Defendant Marvin I. Kaplan, was discoverable pursuant to the Court's directives on punitive damage net worth discovery, which is a different issue from the issues raised in Case No. 8:16-CV-2867-T-23AAS, which focuses on two sets of alleged fraudulent transfers from the Kaplan Entities (R1A, Triple, BNK) to K. Kaplan.

2

Case No. 8:12-CV-1867-T-17MAP

Defendants Kaplan Parties further argue that this Court has already ruled that compelling reasons—non-party privacy concerns—existed to seal that portion of the trial transcript, and Plaintiff Regions has presented no compelling argument as to why the privacy concerns are no longer at issue.

Defendants Kaplan Parties argue that the allegations in Case No. 8:16-CV-2867-T-23AAS do not directly concern Defendant Marvin I. Kaplan's net worth or the various unrelated entities in which Defendant Kaplan maintains a tenancy by the entireties interest with K. Kaplan. Defendants Kaplan Parties further argue that K. Kaplan's status as a defendant in Case No. 8:16-CV-2867-T-23AAS does not automatically make public record the unrelated information disclosed in the sealed May 12, 2016 hearing, or as to the non-party entities discussed at the hearing, which are not implicated in Case No. 8:16-CV-2867-T-23AAS.

Defendants Kaplan Parties contend that Plaintiff Regions has not advanced a compelling basis for the Court to vacate and overturn its previous ruling that the transcript of May 12, 2016 be sealed. Defendants argue that the information contained therein remains sensitive and should not be in the public record.

I. Discussion

The oral argument was sealed in accordance with the Amended Agreed Protective
Order Regarding Confidential Information previously entered in this case (Dkts. 83, 90). All Parties agreed to the form of the Protective Order, with the exception of Defendant Starr, who took no position. The Agreed Protective Order allows a Party to designate as "Confidential" any Discovery Material that the designating Party reasonably believes contains confidential information, and restricts the use of Discovery Material to use solely for the prosecution or defense of this action. The hearing on Plaintiff Regions

3

Case No. 8:12-CV-1867-T-17MAP

Bank's Third Motion to Compel included oral argument which addressed each item for which Plaintiff Regions Bank sought production.

The Court notes that Paragraph 12 of the Protective Order provides:

> 12. **Exceptions.** The restrictions and obligations set forth herein shall not apply:
>
> (a) to any document or information which the Parties agree, or the Court rules, is already public knowledge or which becomes public knowledge other than as a result of the disclosure made hereunder;.....

The Bradenton Herald article ("Ellenton Ice and Sports Complex sells for $7 million"), published on May 10, 2016, reveals that Marvin I. Kaplan and Mike Bennett, business partners, under the name of their company, MJ Squared LLC, sold the Ellenton Ice and Sports Complex to Space Coast Iceplex owner Matt Smith. The article further reveals "partners took over the Ellenton ice rink in October 2005 after they purchased a $5 million mortgage from originator Regions Bank." The article further states that:

> "MJ Squared LLC also owns two parcels totaling 9.41 acres just north of Ellenton Ice Complex. The property, along with three other parcels owned by Kaplan's Mik Advanta LLC and totaling almost 5 acres, is listed on commercial real estate website LoopNet as a $6.5 million 'great development opportunity for a hospitality.' Kaplan's son Brett Kaplan is the listing broker listed on LoopNet."

At oral argument, Regions Bank requested that the Court order an immediate turnover of all information, financial statements, assets, liabilities and everything relevant to the Court's determination as to the net worth of the LLC entities (23 in total).

Case No. 8:12-CV-1867-T-17MAP

Regions Bank further requested that the Court order disclosure of all underlying information and documents as to transactions in 2015 involving check deposits to the Kaplan Entities and checks written to Kathryn Kaplan for a corresponding amount.

Kaplan Entities objected to Regions Bank's Motion to Compel. After oral argument, the Court granted the Third Motion to Compel in part, and denied the Motion in part as moot (Dkt. 738).

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007)(quoting Chicago Tribune Co. v. Brdigestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)). However, the right of access is not absolute. The right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause. Id. The Eleventh Circuit Court of Appeals has explained that "the need for public access to discovery is low because discovery is "essentially a private process ... the sole purpose [of which] is to assist trial preparation." Id. at 1245 (citing United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986)).

To determine whether a movant has shown good cause to overcome the public's right of access, courts "balanc[e] the asserting right of access against the other party's interest in keeping the information confidential. Id. at 1246. This includes considering, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Case No. 8:12-CV-1867-T-17MAP

The presumption of access is based on the need for federal courts, although independent...to have a measure of accountability and for the public to have confidence in the administration of justice. See United States v. Amodeo, 71 F.2d 1044, 1048 (2d Cir. 1995). The Court has balanced the privacy rights of third parties against the presumption of access. The Court notes that here was no additional opportunity to respond to the information, the information did not concern public officials or public concerns, and the Court is not aware of a less onerous alternative to sealing the transcript of the hearing.

The Court also has considered that the knowledge that the hearing was sealed permitted full discussion of each item and there was full compliance with the Court's order to produce, with the knowledge that the documents and information would remain confidential.

In this case, there is a legitimate privacy interest that outweighs the presumption of access to court proceedings. The hearing on the Motion to Compel was sealed to maintain the confidentiality of personal financial information of Defendants and non-parties discussed at the hearing. The personal financial information that was discussed at the hearing included much more information than was revealed in the newspaper article. The Court agrees that the same reason which justified sealing the hearing transcript, maintaining the confidentiality of personal financial information, justifies the denial of the Plaintiff's Motion to Unseal Transcript. The Court did not find in favor of Regions Bank on the claims asserted by Regions Bank against Marvin I. Kaplan and the Kaplan Entities which were resolved by the bench trial. The issue of the award of punitive damages became moot. The Discovery Material did not become a judicial record to which the common law right of access attached. There was good cause to seal the transcript of the hearing at the time it was filed, and there is good cause to continue the seal on the transcript. Accordingly, it is

Case No. 8:12-CV-1837-T-17MAP

**ORDERED** that the Motion to Unseal Trial Transcript (Dkt. 776) (Dkt. 820) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 8th day of December, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record