UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK,

    Plaintiff,

v.                              CASE NO. 8:12-CV-1837-T-17MAP

MARVIN I. KAPLAN, et al.,

    Defendant.

_____/

## ORDER

This cause is before the Court on:

| Dkt. 102 | Motion to Strike (as to included Motion for Sanctions only) (Regions Bank, Robert Shaw) |
|---|---|
| Dkt. 119 | Motion for Sanctions Under Rule 11 Against Kaplan Parties and Their Counsel (Regions Bank, Robert Shaw) |
| Dkt. 155 | Motion for Sanctions (Bridgeview Bank Group) |
| Dkt. 823 | Omnibus Motion for Sanctions Against Kaplan and Parrish Parties (Regions Bank) |
| Dkt. 824 | Notice (Regions Bank) |
| Dkt. 839 | Corrected Motion for Sanctions Pursuant to Section 1927; Renewed Motion for Rule 11 Sanctions (Bridgeview Bank Group) |
| Dkt. 841 | Notice (Bridgeview Bank Group) |
| Dkt. 865 | Notice of Renewal (Bridgeview Bank Group) |
| Dkt. 886 | Clerk's Minutes - January 24, 2018 |
| Dkt. 897 | Regions'/Shaw's Memorandum Concerning Motions for Sanctions |
| Dkt. 898 | Bridgeview Bank Group's Supplemental Briefing on Its Sanctions Motions |
| Dkt. 899 | Kaplan Parties' Supplemental Memorandum Regarding Jurisdiction and Prudence in Considering Regions Bank and Bridgeview Bank Group's Pending Motions For Sanctions |

Case No. 8:12-CV-1837-T-17MAP

| Dkt. 903 | Regions'/Shaw's Reply Memorandum Concerning Motions for Sanctions |
| Dkt. 905 | Kaplan Parties' Response to Bridgeview Bank Group's Supplemental Briefing Regarding the Motions for Sanctions |
| Dkt. 906 | Kaplan Parties' Response to Regions' Supplemental Briefing Regarding the Motions for Sanctions |
| Dkt. 908 | Report and Recommendation |
| Dkt. 946 | Regions'/Shaw's Objections in Part to Report and Recommendation on Sanctions |

After conducting oral argument, the assigned Magistrate Judge entered a Report and Recommendation determining that Regions' and Shaw's Rule 11 Motion (Dkt. 119) has merit, that the offending conduct is narrow in scope, pertaining to the refiling of claims after their dismissal, and recommending that the other Motions for Sanctions be denied. The assigned Magistrate Judge recommends:

1. Regions'/Shaw's Motion for Sanctions (Doc. 102) against Kaplan Parties under 28 U.S.C. Sec. 1927 and the Court's inherent authority be denied;

2. Regions' omnibus sanctions Motion (Doc. 823) be denied;

3. Regions'/Shaw's Motion for Rule 11 Sanctions against the Kaplan Parties and their counsel (Doc. 119) be granted in part and denied in part;

4. The Court sanction Mr. Parrish and his firm under Rule 11 and order them to pay $1,000.00 within thirty days of the Order adopting this Report and Recommendation; and

5. Bridgeview's Motion for Rule 11 Sanctions (Doc. 155) and renewed sanctions motion (Doc.. 839) be denied.

Case No. 8:12-CV-1837-T-17MAP

Regions Bank/Robert Shaw object to the Report and Recommendation as to: 1) the verbatim re-filed claims for defamation and invasion of privacy; and 2) the claim for negligence/negligent misrepresentation.

I. Standard of Review

The District Court determines de novo any part of the Report and Recommendation that has been properly objected to. The District Court may accept, reject, modify in whole or in part the recommended disposition, may receive further evidence, or may recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. Sec. 636(b)(1); Fed. R. Civ. P. 72(b)(3). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.

II. Discussion

A. Dkt. 119  Motion for Sanctions Under Rule 11
Against Kaplan Parties and Their Counsel
(Regions Bank, Robert Shaw)

In the objection, Movants Regions Bank/Robert Shaw argue that the Court should adopt the recommendation that the Parrish Parties (Jon D. Parrish, Esq. and Parrish, White & Yarnell, P.A. n/k/a Yarnell & Peterson, P.A.) violated Rule 11 as to the defamation/invasion of privacy counterclaims, but should reject the recommended sanction of ordering payment of $1,000 to the Clerk to deter Parrish, no longer a practicing lawyer, and instead award Movants' reasonable fees and costs for re-litigating the re-filed claims for over two years. Movants incurred $35,244.50 for this

Case No. 8:12-CV-1837-T-17MAP

sanctionable conduct. R & R at 16 (citing DE 897-5)).

1.  Sanction Award

Movants argue that the nominal amount of the recommended fine is not meaningful deterrence; counsel Jon Parrish has now been suspended for three years.

The Court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person. See Fed. R. Civ. P. 11, Advisory Committee Note to 1993 amendments). The assigned Magistrate Judge identified the factors considered in making the recommendation for the sanction award: the degree of negligence involved in Jon Parrish's conduct; the burden on the Court attributable to the related misconduct; the extent to which Jon Parrish continued to advocate for the two counterclaims after they were adjudicated deficient; and the amount of the attorney's fees Regions Bank incurred as a result of Jon Parrish's conduct.

The effects of the sanctionable conduct, considered within the context of the entire case, are relatively minor. It is rare that the Court finds it necessary to impose sanctions, and it is troubling that this is not the first and only time that counsel Jon Parrish has engaged in conduct determined to be sanctionable. After consideration, the Court finds that the recommended award of sanctions is appropriate under the circumstances, and overrules the objection as to this issue.

Case No. 8:12-CV-1837-T-17MAP

2. Denial of Rule 11 Sanctions on Negligence/Negligent Misrepresentation Counterclaim

As to the negligence/negligent misrepresentation counterclaim, Movants contend that the Court should reject the recommended denial of the Motion for Rule 11 Sanctions. Movants assert that the Parrish Parties/Kaplan Parties filed and continued to litigate this claim without evidentiary support. Movants further argue that the Court did not invite false allegations by granting leave to amend to include specific allegations

In the Report and Recommendation, the assigned Magistrate Judge recommended that the Motion for Sanctions under Rule 11 be granted as to the defamation and invasion of privacy counterclaims, but denied as to the negligence/negligent misrepresentation counterclaim. Regions suggests that the Report and Recommendation improperly commingles the defamation/invasion of privacy claims with the re-filed negligence/negligent misrepresentation claim. In the Report and Recommendation, the negligence/ negligent misrepresentation claim was addressed separately.

In the Report and Recommendation (pp. 13-15), the assigned Magistrate Judge notes that this counterclaim was dismissed with leave to amend (Dkt. 84-1; the Kaplan Parties then filed an amended counterclaim. (Dkt. 93). The Court denied the Regions' Motion to Dismiss the amended counterclaim. (Dkt. 244). The Court granted summary judgment to Regions on this counterclaim. (Dkt. 652).

The assigned Magistrate Judge found that this claim was not objectively unreasonable when the Kaplan Parties refiled it, in light of the Court's order permitting them to refile it. See Anderson v. Smithfield Foods, Inc., 353 F.3d

Case No. 8:12-CV-1837-T-17MAP

912, 916 (11th Cir. 2003)(reversing district court's Rule 11 sanctions award because the order dismissing the complaint "did not give such a clear warning not to refile.") The assigned Magistrate Judge further found that Regions did not meet its burden of proving the Kaplan Parties had no evidentiary support for the negligence/negligent misrepresentation claim at the time of filing or at any point prior to the Court's summary judgment order.

Movants argue that the Report and Recommendation does not address whether Parrish Parties/Kaplan Parties knew or should have known that the new allegations of the Amended Counterclaim/Crossclaim had no evidentiary support at the time the Amended Counterclaim/Crossclaim was filed (April 4, 2013), and thereafter. Movants assert that Jon Parrish included allegations that Regions misrepresented to Kaplan on three specific dates that funds had cleared, on which Kaplan relied for internal transfers and outgoing wires to SAA.

The Court concurs with the assessment of the assigned Magistrate Judge as to this issue. The specter of Rule 11 sanctions is not intended to quell vigorous advocacy, even if in hindsight the factual basis for the claim is questionable. Both sides had the opportunity to explore the claim in discovery, and then to make their presentations to the Court. On summary judgment, the Court adjudicated the claim in favor of Regions Bank and against the Kaplan Parties. After consideration, the Court adopts the Report and Recommendation as to this issue, and overrules the objection.

B    Dkt. 102    Motion to Strike (as to included Motion for Sanctions only, pp. 19-24) (Regions Bank, Robert Shaw)

Plaintiffs Regions Bank and Robert Shaw requested the imposition of sanctions for violations of 28 U.S.C. Sec. 1927 and the Court's inherent authority against then-counsel for Marvin I. Kaplan and the Kaplan Entities,

6

Case No. 8:12-CV-1837-T-17MAP

Jon Parrish, for reasserting the claims for defamation, invasion of privacy, and negligence/negligent misrepresentation.

The assigned Magistrate Judge recommended the denial of the Motion for Sanctions under Sec. 1927 and the Court's inherent authority.

1. Defamation and Invasion of Privacy Claims

The assigned Magistrate Judge recommended the imposition of Rule 11 sanctions on this issue.

The Court notes the following:

> Rule 11 is not the exclusive source for control of improper presentations of claims, defenses, or contentions. It does not supplant statutes permitting awards of attorney's fees to prevailing parties or alter the principles governing such awards. It does not inhibit the court in punishing for contempt, in exercising its inherent powers, or in imposing sanctions, awarding expenses, or directing remedial action authorized under other rules or under 28 U.S.C. Sec. 1927. *See Chambers v. Nasco*, 501 U.S. 32 (1991). *Chambers* cautions, however, against reliance upon inherent powers if appropriate sanctions can be imposed under provisions such as Rule 11, and the procedures specified in Rule 11–notice, opportunity to respond, and findings–should ordinarily be employed when imposing a sanction under the court's inherent powers. Finally, it should be noted that Rule 11 does not preclude a party from initiating an independent action for malicious prosecution or abuse of process.

Rule 11, Advisory Committee Notes, 1993 Amendments.

The assigned Magistrate Judge found that there was insufficient evidence to conclude that Mr. Parrish's conduct is tantamount of bad faith, a conclusion

Case No. 8:12-CV-1837-T-17MAP

necessary for a sanctions award under Sec. 1927.

In light of the award of Rule 11 sanctions on this issue, the Court finds no error in the denial of the request for sanctions under Sec. 1927 and the Court's inherent authority, and overrules the objection as to this issue.

2. Negligence/Negligent Misrepresentation Claim

In the Report and Recommendation, the assigned Magistrate Judge notes that this claim was dismissed with leave to amend; the Kaplan Parties then filed an amended counterclaim. The Court denied the Motion to Dismiss the amended claim. (Dkt. 244). The Court granted summary judgment to Regions/Shaw on this claim. (Dkt. 652).

The assigned Magistrate Judge found that there was insufficient evidence to conclude that Jon Parrish's conduct was tantamount to bad faith, a conclusion necessary for a sanctions award under Sec. 1927, and for an award pursuant to the Court's inherent authority.

The Court has adopted the Report and Recommendation recommending denial of Rule 11 sanctions on this issue, and has overruled the objection. The Court finds no error in the recommendation for denial of the request for sanctions under Sec. 1927 and the Court's inherent authority for the same reason.

C.  Dkt. 823    Omnibus Motion for Sanctions Against Kaplan and
                Parrish Parties

In the Omnibus Motion, Regions Bank alleges that Kaplan Parties and Parrish Parties engaged in multiple, egregious acts of misconduct, including knowingly

8

Case No. 8:12-CV-1837-T-17MAP

making false allegations, re-pleading claims that were dismissed with prejudice, bad faith discovery and motion practice, and misconduct at trial by using a "Timeline of Significant Events" that knowingly included false information, and perjured trial testimony. Regions Bank asserts that gross misconduct permeated the action, justifying a full fee award under the Court's inherent authority, and 28 U.S.C. Sec. 1927.

In the Report and Recommendation, the Magistrate Judge notes that: 1) he has recommended denying sanctions under Section 1927 and the Court's inherent authority; and 2) the request for sanctions for last minute deposition cancellations was previously granted in a separate adjudication (Dkts. 531, 815). (Footnote 11, p. 16).

The assigned Magistrate Judge found that Regions' complaints about Defendant Kaplan's performance during his deposition were without merit, noting the absence of an objection during the deposition, and resulting waiver, and that at trial Defendant Kaplan had detailed, self-serving answers to the same key questions.

As to whether the Timeline used at trial contained false entries on key issues, which triggered Kaplan's alleged perjured testimony at trial, the assigned Magistrate Judge found that Regions Bank did not present sufficient evidence for a determination that either Defendant Kaplan or his counsel created or referenced the Timeline in bad faith at trial. In the Report and Recommendation, the assigned Magistrate Judge points out that: 1): Regions introduced the Timeline as a trial exhibit; 2) Regions had the opportunity to cross-examine Defendant Kaplan on the veracity of the exhibit at trial, and on his credibility in general; 3) the Court ruled in favor of the Kaplan Parties and against Regions Bank on all counts litigated at trial; and 4) Regions Bank did not file a Rule 59 post-trial motion or challenge the Court's findings of fact under Rule 52.

Case No. 8:12-CV-1837-T-17MAP

In the Report and Recommendation, the Magistrate Judge recognized that by the time of the hearing on Regions' Motion for Sanctions, the criminal charges against the Smiths and their co-conspirators had evolved to their final stages, and at that time Defendant Kaplan was a victim of the scheme, corroborating the Court's finding that Defendant Kaplan did not knowingly collude with the Smiths in a check-kiting scheme.

Based on all of the above, the assigned Magistrate Judge recommended denial of Regions' Motion for Sanctions.

The Court addressed the objections as to the refiled claims above. After consideration, the Court adopts and incorporates the Report and Recommendation as to the Omnibus Motion for Sanctions (Dkt. 823).

D.   Dkt. 155    Motion for Sanctions (Bridgeview Bank Group)
     Dkt. 839    Corrected Motion for Sanctions Pursuant
                 to Section 1927; Renewed Motion for
                 Rule 11 Sanctions (Bridgeview Bank Group)

Bridgeview Bank Group has not filed objections to the Report and Recommendation, or requested an extension of time to do so. After independently reviewing the pleadings and the record, the Court adopts and incorporates the Report and Recommendation, in which the assigned Magistrate Judge recommends that the Motion for Rule 11 Sanctions (Dkt. 155) and Renewed Motion for Rule 11 Sanctions/Corrected Motion for Sanctions Pursuant to Section 1927 be denied. Accordingly, it is

**ORDERED**:

Case No. 8:12-CV-1837-T-17MAP

1. Dkt. 102: The objections are **overruled**; the Report and Recommendation is **adopted** and incorporated by reference; Regions'/Shaw's Motion for Sanctions under 28 U.S.S. Sec. 1927 and the Court's inherent authority is **denied;**

2. Dkt. 119: The objections are **overruled**; the Report and Recommendation is **adopted** and incorporated by reference; Regions'/Shaw's Motion for Rule 11 Sanctions against the Kaplan Parties and their counsel is **granted in part and denied in part**.

3. Dkt. 823 The Report and Recommendation is **adopted** and incorporated by reference; the Motion for Sanctions is **denied**.

4. Dkt. 155
   Dkt. 839 The Report and Recommendation is **adopted** and incorporated by reference; the Motion for Sanctions and Renewed Motion for Sanctions are **denied;**

5. Sanction: The Court **imposes** Rule 11 sanctions on Jon D. Parrish and Parrish, White & Yarnell, P.A., n/k/a Yarnell & Peterson, P.A., jointly and severally, and **directs** them to pay $1,000.00 to the Clerk of Court within thirty days of the date of this Order.

11

Case No. 8:12-CV-1837-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 25th day of June, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record