## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

REGIONS BANK,

     Movant/Appellant/Cross-Appellee,

v.                                                    CASE NO. 8:12-cv-1837-WFJ-JSS

R1A PALMS, LLC, *et. al*,

     Non-Movants/Appellees/Cross-Appellants.

_____/

## ORDER ON REGIONS BANK'S MOTION FOR APPELLATE FEES ON CROSS-APPEAL

This is a complex and long-term banking contract and tort dispute.  The matter came before the Court for a hearing on Regions Bank's attorney's fee motion.  Doc. 1015 (motion).  In this matter what is relevant is that Regions, the prime appellant, was the prevailing party on the cross-appeal by the non-movants. This matter covers those fees due to Regions for the cross-appeal.

The motion seeks appellate fees on cross-appeal against the non-movants R1A Palms, LLC, Triple Net Exchange, LLC MK Investing, LLC and BNK Smith, LLC.  The motion is found at docket 1015, with an opposition filed by non-movants at docket 1017 and Regions' reply at docket 1018.  The motion sets forth the basis for the fee entitlement, and describes the work done and applicable rates.

The  non-movants do not contest the entitlement to these fees, but instead contest the amount of the rates and somewhat generically contest the work claimed on this cross-appeal by Regions' lawyers.  A very short history of the matter is set forth in the margin.[1]

Regions' entitlement to fees is contractual.  Under several contract provisions, *see* Doc. 1015 at 5–8, the non-movants "agree to pay all expenses, including reasonable attorneys' fees, involved in the collection of fees, charges, overdrafts, or the enforcement of any other of [Regions'] rights or remedies in relation to your account."  Doc. 1015 at 5–6, citing the deposit agreement found at Doc. 2-1 at 18, 28, 32.  In addition the deposit agreement provides two indemnification clauses whereby non-movants agree to hold Regions harmless from "damage, cost or expense (including reasonable attorney's fees)" and agree "to reimburse [Regions] for the amount thereof."  *Id.*  There is a similar hold harmless provision in the applicable funds transfer agreement, whereby the non-movants agree to hold Regions harmless "from and against…charges and expenses (including attorneys' fees….)."  Doc. 1015 at 6–7.

---

[1] The District Court entered final judgment in favor of Regions against non-movants on Regions' contract and UCC claims.  The District Court ruled against Regions on its tort claims.  Docs. 652, 853.  The District Court ruled against non-movants and in Regions' favor on the non-movants' counterclaims against Regions.  Regions appealed dismissal of its tort claims.  Doc. 869.  Non-movants cross-appealed on Regions' contract/UCC claims and on the dismissal of their counterclaims.  Doc. 872.  Another party to this litigation, Marvin I. Kaplan, is irrelevant for present purposes.

There are two disputes the Court must resolve here.  The first turns on whether the non-movants are liable for the actual amounts, which are discounted hourly rates, that Regions was charged by their lawyers in this matter.  That amount is set forth at docket 1015 on page 26, totaling $154,631.29.  Regions was charged an hourly fee with regular time sheets here; this was not a contingent fee case for Regions.  The chart of these *actual* rates and charges that Regions was charged during this litigation for the cross-appeal (as extracted by Regions' lawyers) is set forth in this first chart, Doc. 1015 at 26:

| Summary of Professional Time | | | | |
|---|---|---|---|---|
| **Professional** | **Year(s) Licensed** | **Total Hours** | **Discounted Hourly Rates** | **Fee** |
| David S. Garbett (Shareholder) | FL 1982 | 191.2 | $460.75-$485 | $89,261.89 |
| Joseph D. Perkins (Partner) | FL 2007 | 179.8 | $294.50-$310 | $54,689.00 |
| Brian P. Yates (Partner) | FL 2009 | 4.2 | $290 | $1,218.00 |
| Gemma Guzman (Senior Paralegal) | | 61.7 | $152-$160 | $9,462.40 |
| **Total Hours:** | | **436.9** | | |
| **Blended Hourly Rate** | | | **$353.93** | |
| **Total Fees:** | | | | **$154,631.29** |

Regions' lawyers, however, seek to recover their standard market rates, not the discounted rates that they actually charged Regions.  Regions' lawyers cite to

3

their fee contract with Regions that permits the lawyers to seek greater, alternate

fee rates than what Regions itself was charged.  Doc. 1015 at 12.  These rates total

some $228,942.50 per docket 1015 at 26–7 and are set forth as follows in this

second chart:

| *Summary of Professional Time* | | | | |
|---|---|---|---|---|
| **Professional** | **Year(s) Licensed** | **Total Hours** | **Standard Hourly Rates** | **Fee** |
| David S. Garbett (Shareholder) | FL 1982 | 191.2 | $700-$725 | $136,936.50 |
| Joseph D. Perkins (Partner) | FL 2007 | 179.8 | $400-$425 | $76,143.50 |
| Brian P. Yates | FL 2009 | 4.2 | $450 | $1,890.00 |
| (Partner) | | | | |
| Gemma Guzman (Senior Paralegal) | | 61.7 | $200-$245 | $13,972.50 |
| **Total Hours:** | | **436.9** | | |
| **Blended Hourly Rate** | | | **$524.02** | |
| **Total Fees:** | | | | **$228,942.50** |

In support of the greater rates and total from this second chart, Regions'

lawyers argue that the non-movants should not receive the benefit of the Regions

discount.  Regions cites an Eleventh Circuit case[2] affirming that, for at least

---

[2] *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.,* 253 F.3d 1332, 1337 (11th Cir. 2001).

contingent fee cases, a Court may impose market rates, not discounted actual rates. And non-movants did not specifically object to the market (rather than discounted) rates but stated at the hearing they wished to instead contest the time amounts billed.

The undersigned declines to impose higher rates than what Regions actually was billed and paid. First, this is not a contingent fee case. Second, the issue is not whether the higher rates in the second chart are reasonable. Rather, one must look at precisely what the non-movants contracted for with Regions. Non-movants expressly agreed to reimburse the expense of attorneys to Regions, to make Regions whole for that expenditure. The first chart (what Regions was charged) contains the reimbursement actually due under the relevant bank contracts. To impose the higher rates found in the second chart is to provide Regions something that Regions and nonmovants did not contract for. It would provide a windfall *beyond* the actual costs imposed on Regions. The non-movants agreed to reimburse Regions for Regions' attorneys fees. The rates in the first chart do that entirely, no more no less.

The second dispute here is the objections by non-movants as to the precise amounts of time billed. Non-movants note that "this is a complex case with complex issues." Doc. 1017 at 7. They further concede that "Regions has appeared to mostly limit its requested billings to the time period and subject matter of the

cross-appeal" and also concede that Regions' answer to non-movants' cross appeal was contained within the reply brief of Regions' primary appeal.  Doc. 1017 at 6. But non-movants argue that Regions' time sheets do not sufficiently separate out the lawyer time expended for Regions' main appeal (not recoverable) from the cross-appeal (recoverable).

Non-movants contend that the total hours sought, 436.9, is excessive.  They contend that much of this cross appeal was a reprise of summary judgment material already prepared for the trial court.  Doc. 1017 at 7.

Non-movants, however, did not identify specifically what entries were excessive.  They stated at argument they chose not to delve into the timesheets and parse out line-by-line what time was non-recoverable as applying only to the cross-appeal[3].  They argue, based upon an unspecified combination of main appeal and cross appeal time, coupled with gross but unspecified overbilling, that the amount should be reduced by one-third.  These generic objections are unspecific.  *See Am.*

---

[3] Non-movants do describe 29.7 hours of entries they contend are duplicative of the main appeal. Doc. 1017 at 6.  This is a small amount compared to the (otherwise unspecified) 33% blanket cut they request of the total.  The Court concludes these entries were intertwined with the recoverable cross appeal and are a reasonable recoverable expense thereof.  The cross-appeal did predominate over the main appeal.  *See* n.1 of this Order.  Like a symphonic piece, one must meld and incorporate everything the appellate court is going to hear to avoid discordance among issues, to permit the weaker issue to lean against or tie to the stronger; and to cause each strong issue to buttress its weaker siblings.  Regions has cited several cases permitting interwoven issues (where part is fee-recoverable) to be recovered entirely as one piece.  Doc. 1015 at 18–19. No cases were cited in opposition.

*Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999) (objections to hours must be specific and reasonably precise).

The Court is not required to do what non-movants chose not to. Without any specific citation from the non-movants as to duplicative of unnecessary entries, the Court has reviewed the detailed time sheets that Regions' lawyers have provided. *See* Doc. 1015 at 34–38. The lawyer time claimed here seems appropriate to this difficult cross appeal, given the high stakes involved and the protracted litigation. Both in the briefing and in the Eleventh Circuit's dispositive opinion, the cross appeal predominated.

The Court and parties are very familiar with the *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) standards for assessing fee requests. These are (1) the time and labor required; (2) the novelty and difficult of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

7

Each of these standards supports the time expended as shown in the timesheets, upon consideration of the complexity of this lengthy case. The attorneys and staff seeking fees are of high repute and skill and the cross appeal was handled adroitly. Considering the *Johnson* standards in light of the fee request and what non-movants contractually agreed to pay, it is clear that the first chart above is the right result here. The work expended was reasonable, at reasonable rates. *See generally, Barnes,* 168 F.3d at 437.

Accordingly, the motion for fees, Doc. 1015, is granted to the extent set forth herein, and Regions Bank is awarded attorney's fees consistent with this order. The Clerk will enter an attorneys' fee judgment in favor of Regions against R1A Palms, LLC; Triple Net Exchange, LLC; MK Investing, LLC; and BNK Smith, LLC in the amount of $154,631.29, jointly and severally, for which let execution issue. The case remains closed.

**DONE AND ORDERED** at Tampa, Florida on January 3, 2022.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of record